Opinion adopted May 1, 1888.

---

## No 5689.

## JAMES B. GOFF v. CHARLES G. JONES.

1. HOMESTEAD—ABANDONMENT. — The husband, who alone executed a bond to convey property owned and occupied as a homestead at the time of its execution, who afterwards removed with his family to a new home which he was providing for the family at the time, and abandoned the former home, may be compelled in a suit for specific performance to convey the title. If facts exist which would prevent the enforcement of a specific performance of the contract, an action for damages will lie for its breach against the husband when damage has been sustained.

**2.** SAME—CONSTITUTION OF THE STATE.—Under article 16, section 50, of the State Constitution, mortgage liens, deeds of trust, and deeds involving a condition of defeasance on the homestead are void, but this does not apply to a contract to convey at a future time when the property shall have lost its homestead character.

**3.** MISTAKE.—See opinion for facts under which it was held that a purchaser under an executory contract was entitled to show a mistake in the description of the premises purchased.

APPEAL from Travis.    Tried below before the Hon. A. S. Walker.

*James B. Goff,* for appellant:  All the averments of the petition relating to plaintiff's right to specific performance were well pleaded, and sufficient to constitute a cause of action against both defendants, and to entitle him, on due proof, to the relief sought, viz: specific performance or a decree of title. (Hunt v. Turner, 9 Texas, 389; Cross v. Evarts, 28 Texas, 523; Houghton v. Marshall, 31 Texas, 196; Hemming v. Zimmerschitte, 4 Texas, 167.)

The covenant contained in the title bond to convey in consideration of money paid and to be paid, coupled with tender of full performance on the part of the covenantee of the conditions precedent to the conveyance of the legal title, worked a vestiture of the equitable title in appellant.  (Houghton v. Marshall, 31 Texas, 196; Cross v. Evarts, 28 Texas, 523; Hunt v. Turner, 9 Texas, 389; Hemming v. Zimmerschitte, 4 Texas, 167; Farley v. Palmer, 20 Ohio State, 225.)

The averments of the sale by Charles G. Jones of the sixteen feet adjoining the ninety-two feet described in the title bond, and of the other facts concerning the same, were well pleaded, and entitled plaintiff to prove those facts, and on proof of the same, to have judgment against Charles G. Jones for damages for failing to convey the same. (Shrimpf v. Settegast, 38 Texas, 96; Netherby v. Ripley, 21 Texas, 434; Robinson v. Davenport, 40 Texas, 341; Ponce v. McWhorter, 50 Texas, 571; Ottenhouse v. Burleson, 11 Texas, 88; Williams v. Morris, 5 Otto, 457; 1 Story's Equity Jurisprudence, secs. 759, 761; Waterman on Specific Performance, sec. 522; Harsha v. Reed, 45 N. Y., 415; Woodbury v. Luddy, 14 Allen, 6.)

The measure of damages for the breach of the covenant to convey, averred and proved, is the difference between the value of the premises covenanted to be conveyed at the date of the

covenant, viz: two thousand seven hundred dollars and the value of the same at the date of the breach, viz: July 8, 1883; and the facts as found entitled appellant to a judgment for one thousand eight hundred and fifteen dollars against Charles G. Jones, if he was not entitled to a decree of specific performance or title, which appellant insists that he ought to have. (Jones v. George, 61 Texas, 345; Day v. Cross, 59 Texas, 595; Hopkins v. Lee, 6 Wheat, 109; Waterman on Specific Performance, sec. 525; Cannel v. McClean, 6 H. and J., Md., 300; Hopkins v. Yowell, 5 Yerg., 306; Wells v. Abernethy, 5 Conn., 226; Old Colony Railroad v. Evans, 6 Gray, 25; Woodbury v. Luddy, 34 Allen, 1; Dustin v. Newcomer, 8 Ohio, 50; Buckmaster v. Grundy, 1 Scamm, Ill., 310; Williams v. Price, 21 Ga., 507; Gale v. Deam, 20 Ill., 320; Allen v. Atkinson, 21 Mich., 359, 363; Bryant v. Hambrick, 9 Ga., 133; Nichols v. Freeman, 11 Iredell, Law, 104; Whiteside v. Jennings, 19 Ala., 791; Warren v. White, 21 Me., 489; Pinkston v. Huie, 9 Ala., 252; Newson v. Harris, Dudley, Ga., 180; Taylor v. Barnes, 69 N. Y., 430; Morton v. Wright, 21 Ga., 504; Hill v. Hobart, 16 Me., 164; Cox v. Henry, 32 Pa. St., 18; Foley v. McKeegan, 4 Iowa, 1; Pumpelly v. Phelps, 40 N. Y., 59; Hopkins v. Grazebrook, 13 Eng. C. L. Reps., 27; Engel v. Fitch, L. R. 3 Q. B., 314.)

*Walton, Hill & Walton,* for appellee: The right of appellant to specific performance and rents in this case had been decided adversely to him in this court on the same proceedings, and was res adjudicata, and the court rightfully excluded it from second trial. In the absence of fraudulent or wrongful intent on the part of the husband, the court allowed the full measure of damages recoverable, to wit: all purchase money paid, all expenditures of labor and money made by appellant, with interest thereon and costs. (Sutton v. Page, 4 Texas, 146; Durst v. Swift, 11 Texas, 283; Hall v. York, 22 Texas, 643; same case, first appeal, 16 Texas, 23; Cowgill v. Warrington, Iowa, 24 N. W. Rep., 226; same case, 21 C. L. J., 204; Barnell v. Mendenhall, 42 Iowa, 296; Donner v. Riddenbaugh, 61 Iowa, 269; Yost v. Devault, 9 Iowa, 64; 1 Sedgwick's Measure of Damages, 368, note C; see also Rules 1 to 6, Sedgwick's Measure of Damages, 7 ed., p. 419 et seq.)

We believe the contract was and has been decided wholly void. Appellant contracted with both. He knew the necessity of the wife joining in conveyance. There is no allegation.

or proof of any fraud or deceit. True, the appellant charged mistake and tried to recover one hundred and eight feet on the alleged bond for ninety-two feet, but no special fraud is charged in that respect.

COLLARD, JUDGE. It was decided by this court on a former appeal of this case that the bond for title of Jones and wife to Goff to convey their homestead could not be enforced by a bill for specific performance. The decision was made upon the ground that the wife could only convey the homestead by deed executed and acknowleded by her in the manner required by the statute, and that her privilege to retract the sale continued until the acknowledgment was taken, which was the final act of sale on her part. She can not contract beforehand in reference to her right to retract, so as to deprive herself of the right. (63 Texas.) The record in the case as it was then presented required the court to pass upon the power of the court to enforce performance of a title bond of the husband and wife to convey the homestead while still occupied as a homestead. After the case was reversed and sent back, the plaintiff Goff amended his petition, setting up that defendants had erected a new dwelling as a homestead on two lots east of the land sold, as it was their intention to do at the time the bond was executed, and had, about the fifteenth day of July, 1883, seven days after maturity of the bond, in pursuance of their original intention, moved from and abandoned the premises sued for as constituting any part of their homestead, and had moved on, adopted and made said dwelling house on the two lots their homestead, since which time the premises sued for have constituted no part of the homestead, and have not been used in any way for homestead purposes.

These allegations present a totally different question from the one before the court on former appeal. The question now is, can the husband be compelled to execute the bond, the old homestead being abandoned and a new one being acquired? The premises are community of the husband and wife, and no longer constitute any part of the homestead. His deed alone would convey the property, and if he execute the deed called for in the bond it would convey the title. Should he be protected from a performance of his contract? The Constitution of the State declares that the owner, if a married man, can not convey the homestead without the consent of the wife,

given in such manner as may be prescribed by law. (Article 16, section 50, State Constitution.) There was a similar provision in the Constitution of 1845 (Paschal's Digest, page 65, article 7, section 22), which was discussed by the Supreme Court in Brener v. Wall (23 Texas, 589), and the conclusion reached that a title bond, executed to convey the homestead, by the husband, the wife joining without privy examination and acknowledgment, could be enforced after the death of the wife, all legal obstacle to its performance being removed. Mr. Justice Bell, in delivering the opinion, says: "It is true that a husband is not at liberty to alienate the homestead during the wife's life without her consent, but we can not perceive that a bond executed by him in his wife's lifetime, conditioned that he will convey his homestead, with a perfect title, at a future time, would be a void instrument in contemplation of law. We think such a bond would be binding upon the husband, and that upon a breach of it damages might be recovered against him by suit upon the bond. Undoubtedly a bond to compel the wife to convey at a future time would be void, because it would be an undertaking to do an unlawful thing. But a bond to make title at some future day to a certain tract of land, the same being the homestead of the obligor and his wife and children, would not be an unlawful undertaking. Such a contract might be entered into in the confident expectation that the wife would freely make the necessary conveyance; or it might be entered into with the intention to acquire another homestead before the time elapsed for the performance of the bond. It is true that, while the premises which the party might so undertake by his bond to convey remained the homestead of the obligor and his wife, the courts would not decree a specific performance of the bond. But if the wife should die before the time expired for the performance of the bond; or if, before the expiration of that time, the obligor in the bond and his wife should acquire another homestead, then the courts might decree specific performance, because every legal obstacle to a specific performance would be removed."

The doctrine in Brener v. Wall was approved in Cross v. Everts (28 Texas, 534 and 535), and had the facts of the case shown that the old homestead had been abandoned and a new home acquired the rule would have been enforced, but because the old homestead had not been adandoned the court held the

case did not come within the rule. (See also Jordan v. Goodman, 19 Texas, 274, and Thompson on Homesteads, sec. 483 and following.)

From the foregoing authorities we are of the opinion the title bond sued on could be enforced against Charles G. Jones, if the facts alleged as to abandonment of the old homestead and the acquisition of the new one are true. At the time fixed by the bond for its performance according to the allegations of plaintiff's amended petition it could not have been enforced, because at that time the property was still the homestead, but that is immaterial. We think if it was abandoned and a new homestead was acquired at any time before the bond should become barred the suit for specific performance could be maintained. If, however, the facts alleged are not true, Goff can maintain his suit for damages against Jones for breach of the conditions of the bond, in which case the measure of damages would be the amount expended by Goff with consent of defendant in good faith under the contract of sale and the difference in the contract price and the value of the premises at the time of the performance of the bond, excluding from such value at the time of the performance any additional value the improvements made by Goff may have given to the premises. (Kempner v. Heidenheimer, 65 Texas, 587.)

Recurring to the main question in this case, the right of specific performance of the title bond, we must note the distinction made in our present Constitution between sales of the homestead and mortgages, liens, deeds of trust and deeds with a condition of defeasance. Such liens and mortgages can never become valid, and a deed involving a condition of defeasance is void. (Constitution 1875, art. 16, sec. 50.) There is no such provision respecting conveyances or contracts to convey. Had there been such a provision we could not have held the title bond enforceable against the husband under the allegations made. Under the Constitution of 1845 there was no such provision as to mortgages and liens upon the homestead, and hence it was held that while a mortgage executed by the husband and wife upon the homestead could not be enforced as long as the property retained its homestead character it could be foreclosed in a suit against the husband alone after the homestead had been abandoned and a new one acquired. (Stewart v. Mackey, 16 Texas, 56.) The Constitution of 1876

prescribes a different rule. Under it a mortgage upon the homestead can never become valid. We note the distinction to prevent a misconception of the principle decided in the case before us as to enforce performance of a title bond to convey the homestead by suit against the husband after the property has lost its homestead character, concerning which there has been no change in the organic law or statutes. (See section of Constitution of 1869 cited and Revised Statutues, art. 560.)

We conclude the court erred in sustaining defendants' exceptions to that part of plaintiff's petition asking specific performance of the bond against Charles G. Jones on the ground of abandonment of the old and acquisition of a new homestead. The only remaining question in the case is: Should the title bond be corrected so as to include the sixteen feet not embraced in the description of the bond? Plaintiff alleges that there was a mistake in the description in the bond—ninety-two feet front on College Avenue instead of one hundred and eight; that he bought the ground from the Green line on the west to include the dwelling and eight feet passway on the east of the dwelling; that the fact that the ground was to include the dwelling and the eight feet passway was a material inducement to the purchase; that Jones assured him ninety-two feet was the distance to include the premises, and he accepted the bond with that understanding, when in fact ninety-two feet front does not include the dwelling by eight feet on the east end, and the eight feet passway still east of the house.

We think the allegations, if true, entitle plaintiff to a correction of the bond and that the facts alleged may be established by parol. The court should have heard the proof, and if the facts were as alleged relief should have been granted by a correction of the description. (Rains v. Calloway, 27 Texas, 685.)

We are of the opinion the judgment of the court below ought to be reversed and the cause remanded for a new trial.

*Reversed and remanded.*