BARBETTE EBERLING, ADMINISTRATRIX, V. DEUTSCHER VEREIN.

No. 6064.

1. **Improvements in Good Faith.**—The right of a vendee to recover for improvements in an action by the vendor to rescind an executory contract for the sale of land is not dependent on the statutes applicable to the action of trespass to try title.

2. **Same—Homestead.**—Though the executory contract for the sale of land may be with the husband alone, and for a part of the land really covered by the homestead right, yet if the homestead claim was unknown to the purchaser, who entered upon the property and with the knowledge and consent of the husband and wife erected permanent and valuable improvements in good faith and without objection from them, he would be entitled on a cancellation of his contract of purchase at the suit of husband and wife, to an allowance for the value of the improvements thus made.

3. **Bond—Husband and Wife.**—A bond executed by the husband alone to convey the homestead is not void. The husband on its breach by him is liable to the purchaser for the value of improvements expended by him in good faith under the contract of sale.

ERROR from Tarrant. Tried below before Hon. R. E. Beckham.

A statement of the case appears in the opinion.

*A. M. Carter*, for appellee.—The court erred in rendering judgment on the verdict of the jury that the defendant recover of H. Eberling the value of the improvements placed on the property in suit; first, because there was no issue submitted to the jury which would entitle defendant

to such a judgment; second, because the facts found by the jury did not authorize such a judgment; third, because no pleading in the case entitled the defendant to such a judgment. Arts. 4813, 4183, and 4821, Rev. Stats.

*Hogsett & Greene,* for appellee.—In a suit for the rescission of a sale of lands the question of improvements made by the vendee is not dependent upon the statute providing for improvements in good faith in trespass to try title, but is governed by the rules of equity. Patrick v. Roach, 21 Texas, 256; Allen v. Pierson, 60 Texas, 606–8; McCarty v. Moorer, 50 Texas, 291; French v. Grenet, 57 Texas, 273; Story's Eq. Jur., secs. 384–9, 799a, 799b, and 1236–9; Pomeroy's Eq. Jur., sec. 1241 and note 1.

The bond for title of a married man to a homestead is not a nullity and may be enforced by specific performance after the wife's death. Brewer v. Wall, 23 Texas, 585; Allison v. Shilling, 27 Texas, 450.

ACKER, PRESIDING JUDGE.—Plaintiff in error, Barbette Eberling, and her deceased husband Herman Eberling, owned a homestead consisting of lots 9, 10, 11, and 12 in the "gin house" block in Heirstfeild's addition to the city of Fort Worth.

On the 25th of February, 1882, the husband entered into a contract of sale with defendant in error, the Deutscher Verein, for the north half of these lots, and executed and delivered his individual bond for title, and the Deutscher Verein executed and delivered to him its promissory note for $300, to become due at three years from that date. The Deutscher Verein took possession of the property under the bond for title and erected valuable improvements thereon.

On March 10, 1885, Herman Eberling, joined by plaintiff in error, then his wife, brought this suit to rescind the contract of sale and to recover possession of the property. They alleged that the property was part of their homestead, tendered the note given by defendant in error, and prayed that the bond for title executed by Herman Eberling be canceled, and for rents.

Defendant answered setting up the contract of sale and purchase made with the husband; denied that the property was homestead; pleaded tender of performance and improvements of the value of $4000, made in good faith with the knowledge and consent of both Eberling and his wife.

On June 30, 1886, the case was tried by a jury, and in response to special issues submitted in the charge of the court the following verdict was returned: "We the jury find for plaintiffs the lots in controversy; and further find the present value of said improvements to be $3250, and that said improvements were made with the knowledge and consent of plaintiffs, and that said property was occupied by plaintiffs as a homestead. That defendant did not have actual notice that said property was

claimed as a homestead by plaintiffs.    We find total rental value of said lots from 20th day of March, 1885, to June 30, 1886, $120."

On this verdict judgment was rendered in favor of Eberling and wife for the lots and writ of possession awarded, and canceling the purchase money note given to H. Eberling; in favor of defendant in error against Herman Eberling for thirty-one hundred and thirty dollars, and award-ing execution therefor.    Herman Eberling filed a motion in arrest and to reform the judgment, which was overruled.    After the judgment Herman Eberling died, and letters of administration upon his estate were issued to his widow, the plaintiff in error, and she brings the case to this court.

The only assignment of error is, "The court erred in rendering judg-ment on the verdict of the jury that the defendant recover of H. Eber-ling the value of the improvements placed on the property in suit; first, because there was no issue submitted to the jury that would entitle de-fendant to such judgment; second, because the facts found by the jury did not authorize such a judgment; third, because no pleading in the case entitled the defendant to such a judgment."

Plaintiff in error contends that the provisions of our statutes relating to claims for improvements in good faith made in actions of trespass to try title, apply to this case, and that to entitle defendant in error to re-cover the value of improvements, the pleadings, verdict, and judgment should have conformed to the requirement of those statutes.    The only authority cited in support of the contention is the articles of the Statutes relating to claims for improvements in actions of trespass to try title. We can not accede to the proposition here insisted upon.

This is an action to rescind an executory contract for the sale of land after the vendee had gone into possession and made valuable improve-ments.    In cases of this character we think it is settled that the right of the vendee to recover the value of improvements is not dependent on the statutes regulating the action of trespass to try title, but on the principles of equity.    Patrick v. Roach, 21 Texas, 256.

It is contended that there was no good faith on the part of defendant in error in making the improvements because the property was home-stead and it went into possession and erected the improvements under a bond for title executed by the husband alone.    We do not think it would follow as a necessary conclusion from these facts that defendant in error did not act in good faith in making the improvements.

While the jury found that the property was part of the homestead, they also found that defendant in error had no actual notice that the property was claimed as homestead, and that the improvements were made with the knowledge and consent of Eberling and plaintiff in error.

The fact that the husband and wife occupied as a homestead a part of a block of land one hundred feet square, while the defendant in error un-

der an executory contract of purchase made with the husband took possession and made valuable improvements upon another part of the same block with the knowledge and consent of the wife, was a very potent circumstance tending to support the belief on the part of defendant in error that when the time for performance came the wife would join the husband in conveying the land in compliance with the conditions of the bond. The wife would not be estopped by such conduct, but it is proper to be considered in determining the question of good faith upon the part of the vendee.

A bond executed by the husband to convey the homestead of himself and wife at a future day is not void. Such bond could not bind the wife if executed by her, and her signature would add nothing to its strength. If the wife should join the husband in the execution of the deed the conditions of the bond would be complied with, and the obligee in such a bond might confidently expect that the wife would do so. If the homestead should be abandoned or the wife should die after the execution of the bond by the husband, specific performance of the contract could be enforced against the husband. Brewer v. Wall, 23 Texas, 589; Cross v. Everts, 28 Texas, 534. These authorities were approved and followed by this court in the case of Goff v. Jones, 70 Texas, 572.

If the wife should refuse to join the husband in executing the title as required by the conditions of his bond and the husband and wife continued to occupy the property as their homestead, there would necessarily be a breach of the conditions of the bond for which the vendee would be entitled to recover against the husband the amount expended by him in good faith under the contract of sale. Brewer v. Wall, *supra;* Kempner v. Heidenheimer, 65 Texas, 587; Goff v. Jones, *supra.*

We are of opinion that the judgment of the court below is correct and should be affirmed.

*Affirmed.*

Adopted December 18, 1888.