## Edward V. Ley v. Rose Ella Hahn et al.

Decided May 25, 1904.

**1.—Continuance—Materiality of Testimony—Diligence.**

The materiality of the testimony sought not being shown and the evidence indicating a lack of diligence to procure it, a continuance was properly refused.

**2.—Contract of Sale—Homestead—Wife's Separate Estate.**

Property being homestead up to the time of the death of the wife, a contract of sale signed by the husband and wife is not binding on the wife, nor upon her heirs at her death, as to her separate interest in the property.

**3.—Same—Homestead—Mental Incapacity of Wife—Community—Estate.**

A husband and wife entered into a contract to sell their homestead, but before the deed was signed the wife became of unsound mind and was in that condition when she signed. The homestead was bought partly with the wife's separate funds. Held, that although the purchaser bought without notice of this and for a valuable consideration, he acquired under the contract of sale and the deed only the husband's interest in the community and his additional life interest in the portion owned by the wife, but not her separate interest.

Appeal from the District Court of Colorado. Tried below before Hon. M. Kennon.

*Ed. S. Phelps,* for appellant.

*Adkins & Green,* for appellees.

GILL, Associate Justice.—On the 28th day of June, 1902, Jacob Hahn and his wife, Rose Ella Hahn, by a contract in writing duly executed and acknowledged by them agreed, in consideration of $25 in cash and $975 to be paid within ninety days, to sell and convey to Charles Houkole or his assigns their homestead on which they were then residing. The property was prima facie community property, having been acquired by a deed to the husband and wife during the marriage. This contract was assigned by Houkole to Edward V. Ley, and on the 23d day of September, 1902, the latter through his agents procured a warranty deed to the property from Jacob Hahn and his wife, Rose Ella Hahn, paying therefor the $975 balance due as stipulated in the contract of sale. The check for this sum was indorsed by the wife and delivered to the husband.

On the 25th day of September, 1902, her children for themselves, and H. A. Hahn as next friend for Rose Ella Hahn (who was alleged to be mentally incapacitated to act for herself and whose husband refused to act for her) brought suit to cancel the deed of Mrs. Hahn and to recover her community half interest in the property. Thereafter on the 27th day of September, 1902, Rose Ella Hahn died in possession of the property. Thereupon her two grandchildren, who with the other plaintiffs were her only heirs, joined in the suit, it being then averred that their mother owned a certain interest in her own right. The ground for setting aside the deed and recovering the property was

the mental incapacity of the wife at the time the deed was executed, and it was claimed that she was not bound by her contract of sale because the property was homestead at the time of the execution of that instrument and at the time of her death. It is not contended that she was not mentally sound at the time of the execution of the contract of sale.

It was also averred and shown that $560 of the $750 purchase money with which the homestead was acquired was the wife's separate property. Of this fact, however, Ley had no notice, either at the time of his purchase of the contract of sale or at the date of the execution of the deed to him and the payment of the balance of the purchase money by him.

Ley defended on the ground that the deed was valid, but in event it should be held void the contract of sale was sought to be enforced. As against the claim that the deceased owned a separate interest in the property he pleaded purchase for value without notice. He sought to make Jacob Hahn a party on his warranty for the purpose of enforcing the contract of sale, but no service being had when the case was called for trial the court proceeded to try the case as between the parties then before him.

The cause was tried without a jury and the court upon sufficient evidence found the facts as above indicated, and further that the deed of Mrs. Hahn was void for want of mental capacity to contract at the time of its execution.

Judgment was rendered in favor of plaintiffs for an interest in the property equal to their mother's separate interest therein and a half interest in the portion which was community estate. The remainder was adjudged to be the property of Ley. From this judgment the latter has appealed.

If the deed of Mrs. Hahn was executed at a time when she was in a mental condition to bind herself by such a contract the other questions become immaterial, for, being joined by her husband therein, the transaction constituted a sale of the homestead.

We will therefore dispose first of the assignments addressed to the trial of that issue. We will not pause to analyze the facts in that connection. The evidence is sufficient to support the finding of the trial judge upon the point, so the assignments assailing the finding must be overruled.

On the 7th of September, 1903, defendant applied for a continuance, which was denied, and the cause upon his request was set down for trial on September 14, 1903. On the last named date appellant made a second application for continuance, urging among other grounds the absence of witnesses, and here complains of the court's action thereon. We think the application was properly overruled. The materiality of the testimony of none of the absent witnesses save one is made to appear, nor is it shown that the testimony could not be supplied from some other source. It was under suspicion of want of merit for the further reason that the cause had been pending for nearly a year. The issue of

the validity of the deed had been in the case from its inception, yet the first subpoena for Jacob Hahn was not served at the request of defendant and another was issued and served on the day of the trial. The other subpoenas were placed in the hands of the sheriff on September 7th, after the overruling of the first application and were not served until the 12th. It is clear there was no diligence. The other grounds for continuance appear to have been without merit in view of the developments at the trial. .

Appellant complains of the refusal of the trial court to continue the cause in order to make Jacob Hahn a party. In this there was no error. He was not a necessary party and appellant had allowed three terms of · court to pass without procuring service upon him. There had been one continuance for the purpose. That he was not a necessary party is clear from the fact that the contract and deed from Jacob ·Hahn, in so far as they were legally available for any purpose, constituted a defense to plaintiffs' suit to that extent whether Jacob Hahn was a party or not.

The judgment in this cause did not bar any right which appellant might have again Jacob Hahn on his warranty or for the recovery back of the purchase money in excess of the proportionate price of the land recovered by defendant. Those rights may still be enforced in a separate suit against Jacob Hahn.

We come now to the questions made involving the legal effect of the contract of sale and the deed of Jacob Hahn, the deed of Mrs. Hahn being eliminated as a nullity.

The property being homestead from the date of the contract of sale continuously up to the death of Mrs. Hahn, that instrument was not binding either upon her or her heirs as to her separate interest in the property.

The rule is different as to the husband. It is well settled that he can lawfully enter into a contract to sell the community homestead, and that such contract though not enforcible so long as the property retains its homestead character may be enforced either upon the abandonment of the home or the death of the wife. ˙Eberling v. Deutscher Verein, 72 Texas, 339; Brewer v. Wall, 23 Texas, 585; Allison v. Schilling, 27 Texas, 450; Wright v. Hayes, 34 Texas, 253; Cross v. Everts, 28 Texas, 524; Goff v. Jones, 70 Texas, 572; Speer's Law of Married Women, secs. 121-394.

The distinction between such cases and the case of Colonial and U. S. Mortgage Co. v. Thetford, 27 Texas Civ. App., 152, 66 S. W. Rep., 103, lies in the fact that in that case the right of the purchaser rested in a deed to the homestead executed by the husband alone, an instrument forbidden by law, and which could subsequently operate by estoppel upon his interest alone, whereas in this case the rights of Ley rest primarily in a contract of sale which the husband might lawfully make, and because a charge upon the community is enforcible upon the death of the · wife and against which the laws of descent and distribution could not prevail.

It follows that the contract was enforcible against him to the extent of the community part of the homestead, and that not only that but whatever interest he had therein by reason of the death of his wife passed by estoppel because of his warranty deed. We think also the contract of sale, coupled with the husband's subsequent deed, constituted a complete defense to plaintiff's action as to whatever interest in the land the husband had the power to convey at the wife's death.

The wife's separate interest therein did not thereby pass notwithstanding Ley's purchase for value and want of notice of the separate interest, for the obvious reason that he paid the money at a time when the deed was inoperative for any purpose, and he parted with nothing further of value after the death of the wife rendered the deed operative against the husband as to his interest.

From what has been said it logically follows, first, that Ley did not acquire the separate interest of Mrs. Rose Ella Hahn; second, he did acquire the interest of the community and the additional life interest of the surviving husband in the portion owned by his wife in her separate right.

The courts having held that the wife may convey the homestead by power of attorney (Warren v. Jones, 69 Texas, 462), and that she may bind herself by bond for title to convey her separate estate (Angier v. Crawford, 79 Texas, 55), it seems to us the conclusion that she can not bind her separate interest in the homestead by joining in a contract to convey is illogical and the distinction unsatisfactory, but such appears to be the settled law. Speer on Law of Married Women, sec. 122, and authorities cited.

For the reasons given the judgment of the trial court is reversed and judgment here rendered in favor of appellant for the entire community interest in the homestead and the husband's life estate in the wife's separate interest therein.

*Reversed and rendered.*