## HUDGINS v. THOMPSON et al.

(Court of Civil Appeals of Texas. Dallas. Jan. 31, 1914. Rehearing Denied Feb. 21, 1914.)

1. SPECIFIC PERFORMANCE (§ 35*)—CONTRACTS OF SALE—HOMESTEAD—ENFORCEABILITY.

A contract by a wife to convey the homestead is not enforceable against her, since the only manner in which she may convey is by deed acknowledged in the manner provided by law.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 102–106; Dec. Dig. § 35.*]

2. SPECIFIC PERFORMANCE (§ 65*)—CONTRACTS OF SALE.

While specific performance of a contract by a husband to convey his separate property constituting the homestead may be granted after an abandonment of the homestead where, though a husband and wife moved from the homestead to a rented place, and a purchaser from the husband moved to the homestead, the wife was ignorant of the sale by her husband, and shortly after joining in a conveyance to a third person she and her husband acquired a new homestead, there was no such abandonment of the homestead as would justify a decree for specific performance against the husband.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. § 196; Dec. Dig. § 65.*]

3. HOMESTEAD (§ 154*)—ABANDONMENT—NECESSITY OF WIFE JOINING IN ABANDONMENT.

There can be in law no abandonment of a homestead in which the wife does not join.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 307; Dec. Dig. § 154.*]

Appeal from District Court, Van Zandt County; R. W. Simpson, Judge.

Action by Len Hudgins against Horace Thompson and others. From a judgment for defendants, plaintiff appeals. Affirmed.

J. Andrew West and S. Love West, both of Grand Saline, and J. A. Germany, of Dallas, for appellant. Natt M. Crawford, of Grand Saline, and Wynne, Wynne & Gilmore, of Wills Point, for appellees.

RASBURY, J. Appellant sued appellees in trespass to try title, and to compel specific performance of a contract to convey 40 acres of land out of the Neeley survey in Van Zandt county. Jury trial was waived by all parties. Judgment in the court below was for the appellees.

There is no statement of facts in the record; but it does contain the conclusions of fact prepared and filed by the trial court. The facts so found and essential to a determination of this appeal are in substance as follows: Appellee Horace Thompson, in December, 1911, was a married man, and the 40 acres of land in controversy was the homestead of himself and wife, Mattie; but the land so occupied was the separate property of said Horace Thompson, being also all the land owned by either Thompson or his wife. At the date named Horace Thompson agreed to sell the land to appellant, and to execute deed therefor, joined by his wife, Mattie, the consideration to be $500, of which amount a small proportion was to be in cash, and the balance in two equal payments, one in the autumn of 1912, and one in the autumn of 1913, secured by the vendor's lien. The cash payment was made at the time appellant and Horace Thompson made the agreement detailed, and at which time Horace Thompson and wife, Mattie, with her consent, removed from the 40 acres to a rented place at that time occupied by appellant Hudgins, who at the same time removed to and occupied the 40 acres, and continued in possession thereof up to the time of the trial, to wit, April 11, 1913. Mattie, the wife of Horace Thompson, knew nothing whatever of the agreement to purchase and convey by and between her husband and appellant, and at no time agreed or consented thereto. Matters standing thus, and Mattie Thompson, so far as the record discloses, being in ignorance of the agreement, she and her husband, in November, 1912, by statutory deed, conveyed the land to Frank Thompson for $550. At all times, even subsequent to the execution of the deed to Frank Thompson, and prior to appellant's knowledge there-

of, Horace Thompson assured appellant that a deed would be made to him as agreed. Prior to the sale of their homestead to Frank Thompson, appellee Horace Thompson and his wife acquired no other homestead. Shortly after selling to Frank Thompson they did acquire another homestead, and was occupying same at the time of trial. Upon discovery of the deed to Frank Thompson, this suit was instituted against both Thompsons and their wives, with the result stated.

[1-3] The court's second conclusion of law is that the contract between appellant and appellee Horace Thompson was not enforceable, because the land continued to be the homestead of Thompson and his wife until they conveyed same by statutory deed to Frank Thompson. If the testimony supports the court's conclusion of fact, and the court's conclusion of law upon the facts is correct, it is determinative of all other questions in the case, and for that reason we consider that feature of the appeal first. A contract of any kind by the wife to convey the homestead is not enforceable against her, since the only manner in which she may convey is by deed acknowledged in the manner provided by law. It was said in Eberling v. Deutscher Verein, 72 Tex. 339, 12 S. W. 205, that the wife's signature to a bond executed by her husband to convey the homestead would add nothing to its strength. Nor is it contended on this appeal that the wife of appellee Horace Thompson was bound by the agreement to convey made by her husband, or that she knew of such agreement; but it is claimed that she and her husband had abandoned the homestead before it had been sold to Frank Thompson, and hence, the homestead right of Mattie Thompson having been eliminated, specific performance could be enforced against Horace Thompson, the owner of the land. In Goff v. Jones, 70 Tex. 572, 8 S. W. 525, 8 Am. St. Rep. 619, it was held that specific enforcement of a bond to convey the homestead signed by the husband and wife could not be enforced so long as the property remained the homestead, for the reason that the wife's privilege to retract the sale continued to the very instant when her acknowledgment to the deed of conveyance was taken; but it was also said that, if the homestead was abandoned, and a new one acquired, specific performance could be decreed at any time before the bond was barred by limitation. In Beck v. Avindino, 29 Tex. Civ. App. 500, 68 S. W. 827, the rule in Goff v. Jones, supra, is extended, since it is there held that there may be an abandonment of an existing homestead whether another one is acquired or not. The Eberling Case, supra, seems to indicate a similar holding. Thus it will be seen that Thompson's agreement to convey might have been enforceable had there been an abandonment of the homestead prior to its sale to Frank Thompson. But, as we

have said, the court below concluded from the testimony that there had been no such abandonment, which is supported by the conclusions of fact filed by the court (there being no statement of facts), and the trouble lies, not in the application of the rule, but in the absence of any facts establishing the abandonment of the homestead. The only circumstance adduced on trial, so far as the court's conclusions of fact indicate, which might tend to establish an intention on the part of Mattie Thompson to abandon the homestead is that she removed from her existing homestead to a rented place, at the time occupied by appellant, he in turn removing to her homestead. The force of any significance which may be attached to that fact is lessened, however, by the further fact that she was entirely ignorant of the agreement between her husband and appellant. Again, any intention to abandon her homestead indicated by such removal is perhaps entirely rebutted by the fact that shortly after joining in the conveyance to Frank Thompson she and her husband did acquire another homestead. Hence it will be seen, without reference to what the facts show concerning the intention of Horace Thompson to abandon the land, that the court's conclusions of law upon the practically undisputed facts are correct, since there can in law be no abandonment of the homestead in which the wife does not join, any more than there can be an alienation of the same by the husband without the consent of the wife in the exact manner provided by law. It was said in Stallings v. Hullum, 89 Tex. 431, 35 S. W. 2, in reference to the wife's rights in the homestead, that: "The mere privilege of possession and enjoyment is not the measure of her right in the homestead. With the concurrence of her husband, she may exchange it for another; she may consent to a sale with a view to the investment of the proceeds in a new homestead, or in view of her husband's receiving such consideration as she may deem an adequate compensation for the alienation of the shelter for the family."

Entertaining the views we do with reference to the law of abandonment, and the facts on appeal failing to show an abandonment by Mattie Thompson, a consideration of issues collateral thereto is unnecessary, and accordingly the judgment is affirmed.