PITTS et ux. v. KENNEDY et ux. †
(No. 5492.)

(Court of Civil Appeals of Texas. San Antonio. June 10, 1915. Rehearing Denied June 25, 1915.)

1. FRAUDS, STATUTE OF ☞129—PART PERFORMANCE—POSSESSION AND IMPROVEMENTS.

Plaintiff claimed that he offered to purchase from defendant the whole of a tract of land, and defendant verbally accepted such offer. The deed executed by defendant, however, did not convey a part of the tract, which was inclosed separately from that conveyed. Plaintiff, with knowledge that the deed did not convey the whole tract, against defendant's wishes, and after defendant had offered to rescind, took possession of the whole tract and made improvements on the part conveyed. Held, that such possession and improvements did not take the verbal contract out of the operation of the statute of frauds, as improvements, in order to create rights, must be made upon the faith of the verbal contract and with the belief that it will be carried out, while plaintiff made his improvements upon the faith of the deed and not the verbal contract.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 287–292, 303, 306–308, 310–312, 314, 318–320, 322, 323, 325, 326; Dec. Dig. ☞129.]

2. HOMESTEAD ☞124—CONTRACTS OF SALE—ENFORCEMENT.

A contract for the sale of a homestead, used and occupied as such by husband and wife, cannot be enforced, but is not unlawful, and may be enforced upon the abandonment of the home or the death of the wife.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 218, 219; Dec. Dig. ☞124.]

3. FRAUDS, STATUTE OF ☞125—OPERATION AND EFFECT—ACTIONS FOR DAMAGES.

Where, pursuant to a verbal contract for the sale of a tract of land, defendant conveyed only a part thereof, no action for damages would lie for the breach of the contract; it being in contravention of the statute of frauds.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 275–277½; Dec. Dig. ☞125.]

4. FRAUD ☞25—NECESSITY OF DAMAGES.

Plaintiff claimed that defendant verbally agreed to sell the whole of a tract of land for $2,000, but that he conveyed only a part thereof. He, however, admitted that he would not take $2,500 for the property conveyed, and there was no evidence that it was worth less than the price paid. Held that, assuming that a case of fraud authorizing a recovery of dam-

ages was made out, there could be no recovery, because no damages were proved. ·

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 24; Dec. Dig. ☞25.]

Appeal from District Court, Polk County; J. Llewellyn, Judge.

Action by C. N. Pitts and wife against C. M. Kennedy and wife. Judgment on a directed verdict for defendants, and plaintiffs appeal. Affirmed.

Campbell & Campbell, of Livingston, for appellants. S. H. German, of Livingston, for appellees.

MOURSUND, J.　C. N. Pitts and wife, M. V. Pitts, sued C. M. Kennedy and wife, Annie E. Kennedy; the material allegations of the petition being as follows: That defendants were the owners of a place in the town of Livingston, known as block No. 8, which they invited plaintiffs to purchase. That on December 8, 1913, plaintiff C. N. Pitts wrote to said C. M. Kennedy rejecting a prior offer made by said Kennedy, and stating:

"If you care to take it I will give you two thousand dollars cash for the property, as it now stands, without any reservations. If you care to take this, you can make out the deeds and put them in the bank, and I will send money over to cover same."

That this offer was accepted by said C. M. Kennedy over the telephone. That by the terms of said sale said Kennedy bound himself to prepare and execute a deed to the whole of block 8, and place said deed, together with his original deed and an abstract of the title to said property, in the Guaranty State Bank of Livingston, and plaintiffs were to send $2,000 to said bank to pay therefor. That said Kennedy, knowing that plaintiff C. N. Pitts was busily engaged at Onalaska, and could not in person come and attend the receiving of said deed, and would have no opportunity of seeing it, and knowing the great confidence the plaintiffs reposed in him, and that he would have plaintiffs' money before any fraud could be detected, caused a deed to be prepared and executed to only a portion of block 8, the portion omitted being off the west end of said block and being 140 feet by 250 feet. That said Kennedy placed such deed in said bank and failed to place his original deed and abstract of title in the bank, thus making it improbable that the fraud would be detected before the plaintiff had paid his $2,000. That said Kennedy telephoned to plaintiffs that he had prepared and deposited the deed in accordance with the agreement, whereupon plaintiffs paid the $2,000 to the bank as agreed upon, and the deed which had been prepared and executed by defendants was sent to plaintiffs. That the acts of said C. M. Kennedy were fraudulently, willfully, and schemingly done with intent to deprive and defraud plaintiffs of said land. Plaintiffs prayed for judgment divesting out of defendants the title to said parcel of block 8 not included in said deed, and vesting the same in plaintiffs, and in the alternative for damages in the sum of $1,000, alleging that the value of said parcel was $500 and that the part actually conveyed would be worth $500 more if the other part was held therewith.

The answer of the defendants was very lengthy, and it will suffice for the purposes of this opinion to say that they denied the making of any such agreement as was pleaded by plaintiffs, and alleged that the land omitted from the deed was never intended or agreed to be conveyed; that as soon as they learned that plaintiffs were dissatisfied, and before the deed was recorded and before any improvements were made, they offered to return the $2,000 to plaintiffs and accept a reconveyance of the property described in the deed, but plaintiffs declined such proposition. They also pleaded the statute of frauds, and alleged that all of said block 8 was their homestead at the time of the transactions with plaintiffs. They alleged further that plaintiffs had taken possession of the land in controversy, and that their claim cast a cloud upon defendants' title, which they prayed should be removed.

Each party filed supplemental pleadings, but the above statement sufficiently sets out the material pleadings of each party.

The court instructed a verdict for defendants, which being duly returned, judgment was entered in accordance therewith.

The evidence shows the following facts to be undisputed: (1) Regardless of who is correct about what land was to be conveyed, the fact remains that there is no written contract or memorandum signed and delivered by either Kennedy or his wife wherein it was agreed to convey the land not included in the deed. (2) The possession of plaintiffs was taken under a deed specifically describing the land conveyed, and such description does not include the lot in controversy. (3) No improvements whatever have been put upon the lot in controversy, which was inclosed separately from the remainder of block 8. (4) Plaintiffs made about $300 worth of permanent improvements upon the premises actually conveyed, but such improvements were made after they had discovered that the deed did not include the land in controversy, and after defendants had offered to rescind. (5) Immediately after defendants were advised by plaintiffs that the deed did not convey what plaintiffs claimed they were to get, defendants offered to refund the purchase money and cancel the trade, which plaintiffs refused to do. (6) At the date of the alleged contract declared upon, Kennedy and his wife were living upon, using, and claiming all of block 8 as their homestead. (7) That Mrs. Kennedy was not guilty of any fraud or misrepresentation that in any manner entered into the transaction.

[1] We will first consider the question whether the court erred in holding as a matter of law that plaintiffs were not entitled to specific performance of the agreement to convey the land in controversy, if the jury should find there was such an agreement. No agreement or memorandum in writing was signed by Kennedy. Possession of the land in controversy was not secured by plaintiffs with the consent of Kennedy and wife, but was taken in disregard of their wishes. No improvements at all were made upon the land in controversy. The improvements made upon the premises described in the deed were not made upon the faith of a verbal contract to convey all of block 8, but were made upon the faith of a deed to the premises upon which they were made, and were made with full knowledge that such deed did not convey the land in controversy. Such improvements were also made after defendants had offered to repay the purchase price and accept a reconveyance of the premises described in the deed. Improvements, in order to create rights, must be made upon the faith of the verbal contract and with the belief that it will be carried out. The facts as to possession and improvements shown in this case are not sufficient to take the verbal contract out of the operation of the statute of frauds. Gilmore v. O'Neil, 139 S.. W. 1162; Openshaw v. Dean, 125 S. W. 989; Ann Berta Lodge v. Leverton, 42 Tex. 25.

[2] At the time Kennedy made the verbal contract, all of block 8 was used and occupied as the homestead of himself and wife, and the contract could not have been enforced at that time even had it been in writing and made by both husband and wife. But it is held that such a contract is not unlawful, and, though not enforceable so long as the property retains its homestead character, it may be enforced either upon the abandonment of the home or the death of the wife. Goff v. Jones, 70 Tex. 572, 8 S. W. 525, 8 Am. St. Rep. 619; Eberling v. Deutscher Verein, 72 Tex. 339, 12 S. W. 205; Ley v. Hahn, 36 Tex. Civ. App. 210, 81 S. W. 354; Hudgins v. Thompson, 163 S. W. 659.

In this case it is contended that the homestead was abandoned by selling and conveying that part of block 8 upon which the improvements used for a home were situated, and failing to take any steps towards establishing a home upon the portion in controversy. If, under the facts of this case, the rule announced in Goff v. Jones, and other cases above cited, could be applied, it would seem that Mrs. Kennedy, who was induced to sign a deed to the major portion of the homestead believing a certain price was being paid therefor, should be protected against being held to such conveyance when it is sought to be used as a means of depriving her of all of her homestead for a price to which she has never agreed; there being no acts on her part which would in any way estop her from asserting her rights. However, as we have already held that the verbal contract cannot be specifically enforced, because in contravention of the statute of frauds, we need not decide the question arising on account of the homestead character of the property at the time the contract was made.

[3] We will next take up the contention that the court should at any rate have submitted, as against Kennedy, the issue of damages on account of failure to include in the deed the land in controversy. While the the husband can be held liable for damages for breach of a contract by him to sell the homestead, if such contract be in writing, when it is in contravention of the statute of frauds as was the contract sued upon in this case, no action for damages will lie for its breach. Cross v. Everts, 28 Tex. 535; Ray v. Young, 13 Tex. 552; Schulz v. Schirmer, 49 S. W. 246; Brown on Statute of Frauds, § 118.

[4] Appellants seek to avoid the statute of frauds by contending that they have an action against Kennedy for fraudulent representations and acts. It is sufficient answer to this to point out that, if the allegations and proof were sufficient to make a case of fraud independent of the verbal contract, no damages are shown, for appellant Pitts admitted that he would not take $2,500 for the property conveyed to him, and there was no evidence that such property was worth less than the price paid by him. George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, 15 Ann. Cas. 456.

The judgment is affirmed.