RICHARDSON v. TERRY et al.   (No. 975.)

(Court of Civil Appeals of Texas. El Paso. May 1, 1919. Rehearing Denied May 29, 1919.)

1. APPEAL AND ERROR ⬤⟿285, 719(4)—EXCEPTIONS TO MERITS—FUNDAMENTAL ERROR.

If exceptions to pleading were special exceptions and not assigned as error in compliance with Vernon's Sayles' Ann. Civ. St. 1914, art. 1612, requiring motion for new trial and assignments of error, the appellate court would not be required to consider them, but where they are addressed to the merits and not the sufficiency of the allegations they are general demurrers, the overruling of which presents fundamental error.

2. SPECIFIC PERFORMANCE ⬤⟿65 — CONTRACT TO CONVEY HOMESTEAD.

A contract to convey a homestead is not one for which specific performance may be decreed.

3. TORTS ⬤⟿12 — INTERFERENCE WITH PERFORMANCE OF CONTRACT.

A person interfering with a contract of sale of real estate is liable in damages in a proper case, although the contract was obnoxious to the statute of frauds, but not if the contract breached be one which the party may or may not perform at his option.

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. DAMAGES** ☞85 — **SPECIFIC PERFORMANCE** ☞58 — **LAND SALE CONTRACT — OPTION TO PAY FORFEIT.**

Where a contract between plaintiff and one of defendants provided that a $200 check deposited therewith was placed as a forfeit on the land deal, defendant had the absolute right arbitrarily to refuse to carry out the sale and lose such amount, and plaintiff had no cause of action against such defendant; the deposit not being earnest or escrow money but liquidated damages or forfeit.

**5. EVIDENCE** ☞462—**SALE CONTRACT—VARYING TERMS BY PAROL.**

A written contract for sale of land providing for a deposit "placed as a forfeit" cannot have its terms varied by parol evidence to show that the money was deposited as earnest or escrow money and not as liquidated damages or forfeit.

Appeal from District Court, Eastland County; Joe Burkett, Judge.

Action by M. H. Richardson against J. W. Terry and others. Judgment for defendants, and plaintiff appeals. Affirmed.

D. G. Hunt, of Eastland, for appellant.

R. B. Truly, of Ballinger, Scott & Brelsford, R. L. Rust, and J. R. Stubblefield, all of Eastland, and J. J. Butts, of Cisco, for appellees.

HARPER, C. J. This action was instituted by M. H. Richardson against J. W. Terry and wife and L. A. Harrison, G. B. Ward, J. W. Mancil, and Charles Fleming; as to Terry and wife for specific performance of a contract for sale of certain land, and in the alternative for damages for its breach; and as to the other defendants for damages for fraudulently procuring the said Terry and wife to convey the land to them instead of plaintiff, and for cancellation of their deed. Demurrers were sustained to the plaintiff's petition, as hereinafter indicated, and upon refusal to amend the cause was dismissed. From which judgment plaintiff has appealed.

For cause of action plaintiff alleged:

"That defendants Terry and wife were the owners in fee-simple title of the lands described and in possession of the same. That on October 6, 1917, they contracted to convey it to plaintiff, and entered into the following written memorandum, written by Rex Outlaw, and deposited in the bank of which said Outlaw was cashier, subject to the statements, etc., hereinafter made:

"'Ranger, Texas, Oct. 6, 1917. This check is placed as a forfeit on land deal between M. H. Richardson and J. W. Terry. If J. W. Terry fails to make deed and good and sufficient title by Dec. 15, 1917, the checks are to be delivered to M. H. Richardson, and should said Terry make such deed and title within the time required and said Richardson fails to pay $1,-

000.00 and assume loan against land, checks to be delivered. The check for $200.00 marked "for cows" is the property of J. W. Terry.

"'J. W. Terry.
"'M. H. Richardson.

"'Witness: Rex Outlaw.'

"While no specific tract of land is mentioned in said contract, yet in truth and in fact the said J. W. Terry at the date of said contract owned no other land situated in Eastland county except the 172 acres described, and it was to this tract the said contract referred. That 100 acres thereof was subsequent to the date of the contract sold (by Terry) to defendants Harrison, Mancil, Ward, and Fleming. That the $200 was not deposited as liquidated damages but was deposited as earnest or escrow money, and that it was agreed and understood between them that it should maintain the contract until the maturity of the cash consideration of $1,-000. That at the time of this contract said Terry and wife sold plaintiff seven head of cattle for $200. That they were delivered together with the pasture situated on the 172 acres, and it was agreed that the cattle and pasture were to remain in the possession of plaintiff until the maturity of the contract. That on October 22d oil was discovered in the neighborhood of this land, by reason whereof it was greatly enhanced in value, and by reason of which said Terry and wife refused to consummate the contract, but, on the contrary, they combined and confederated with defendants Harrison, Ward, Mancil, and Fleming for the purpose of defrauding plaintiff, and so combining and confederating the latter procured said Terry and wife to deed to them 100 acres out of the 172 acres of land. That the said Terry was old and infirm, and ignorant of his rights and liabilities under and by virtue of his contract with plaintiff. The specific representations were: That the land was worth $50 per acre. That they would pay him that price for it. That he was getting old and was not financially able to accept $22.50 per acre therefor, as he had contracted to do to plaintiff. That when Terry told them of his written contract with plaintiff to sell they went to the bank and procured the contract, and after examining same with intent to defraud plaintiff they falsely represented to Terry that the contract was not binding on him, etc., and so believing he executed the deed to them. That said land is now worth $750 per acre. That by making said deed Terry and wife abandoned the said 100 acres as a part of their homestead, and that in the event plaintiff is not entitled to specific performance of his contract, by reason of the fact that same is not signed and acknowledged by Terry and wife, as to the whole of the 172 acres, then he is entitled to specific performance as to the said 100 acres, and to a judgment canceling the deed to the other defendants."

Terry and wife filed the following exceptions:

I. "General exceptions."

II. "Especially except to the amended original petition in so far as same seeks specific performance, for the reason that the character of contract pleaded by plaintiff is not such a one upon which specific performance could be decreed."

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

B. "Especially except for the reason that the escrow agreement set out in hæc verba in the first count of said amended petition discloses that $200 deposited by said Terry was a deposit as forfeit and as liquidated damages for breach of the alleged contract, and that it would be the limit of the amount or recovery to which plaintiff would in any event be entitled."

The defendants Harrison, Ward, Mancil, and Fleming filed the following exceptions, which were sustained by the court:

"1. These defendants specially except to said petition and say the same is insufficient in law, and shows no cause of action against these defendants nor against any or either of them, because the contract and agreement alleged and set out by plaintiff, and relied upon as ground for specific performance of the contract to convey to plaintiff the land and premises herein involved, is not signed by the defendant Martha Terry, and it appeared from the allegations made and contained in plaintiff's said petition that, at the time the defendant J. W. Terry executed the memorandum or contract set out in plaintiff's petition, said defendants, J. W. Terry and Martha Terry were husband and wife, and that the land in controversy was at that time their homestead.

"2. The defendants specially except to all that part and portion of plaintiff's amended petition wherein the memorandum of the agreement alleged to have been made and entered into by and between plaintiff and the defendant J. W. Terry is set out and copied, and says the same is insufficient in law, because the said memorandum is not a contract to convey the land in controversy, describes no particular land, and refers to no writing for a description thereof.

"3. For further special exceptions to plaintiff's said amended petition the defendants say that the contract sued upon, a copy of which is set out on pages 1 and 2 of said amended petition, is wholly insufficient for plaintiff to maintain this suit upon, and is contrary to the statute of frauds, in that it wholly fails to describe any lands, or to furnish means of description of any lands, or to refer to any writings for description of any lands that were to be conveyed.

"4. Defendants further specially except to all that part and portion of plaintiff's said amended petition wherein said petition undertakes to describe the lands alleged to have been intended to be conveyed by said contract, and says the same is wholly insufficient, and is contrary to the statute of frauds, and that plaintiff thus seeks to ingraft upon said written memoranda an agreement for a description which is wholly wanting in said contract, and pray the court to strike the same from the record. * * *

"7. Said defendants specially except to all that part and portion of plaintiff's amended petition wherein it is sought to recover of and from them damages alleged to have resulted from the breach of the contract by the defendants J. W. and Martha Terry, whereby it was alleged they contracted and agreed to sell and convey the lands in controversy to the plaintiffs."

[1] There was no motion for new trial filed nor any assignments of error otherwise filed in the trial court as provided by article 1612, Vernon's Sayles' Revised Civil Statutes. For this reason appellee urges that the assignments urged in appellant's brief should not be considered.

If the exceptions were in fact special exceptions, as denominated in defendants' answer and the judgment of the court, and not assigned as error in compliance with the statute, we would not be required to consider them. Texas Glass Co. v. Darnell L. Corp., 185 S. W. 965. But these exceptions are addressed to the merits of the cause of action, and not the sufficiency of the allegations; therefore are general demurrers, the overruling of which present fundamental error. Insurance Co. v. McCurdy, 183 S. W. 796.

[2] The exceptions by Terry and wife. It is not error for the court to sustain their exception to the effect that this is not the class of contract for which specific performance may be decreed, being a contract to convey their homestead. Jones and wife v. Goff, 63 Tex. 248; Hudgins v. Thompson, 163 S. W. 659.

[3-5] But, as we understand, appellant does not contend that he is entitled to specific performance of the contract between him and Terry and wife as to the whole of the homestead tract of 172 acres, but insists that by their act in conveying the 100 acres to Harrison et al., prior to the date at which his option expired they, Terry and wife, abandoned their homestead rights to that portion of the homestead, and for that reason their right to rescind their contract based upon claim of homestead no longer existed; therefore specific performance of his contract for the 100 acres may now be decreed, and, if not, still he urges that he is entitled to damages for interference with his contract as against Harrison et al., and for damages against Terry and its breach.

That a person interfering with a contract of sale of real estate is liable in damages in a proper case is well settled in Texas. Bowen v. Speer, 166 S. W. 1183; Raymond v. Yarrington, 96 Tex. 443, 72 S. W. 580, 73 S. W. 800, 62 L. R. A. 962, 97 Am. St. Rep. 914. And that the contract was obnoxious to the statute of frauds, as urged in this case by appellees, would not relieve the parties so interfering. 15 R. C. L. pp. 61, 62, §§ 21, 22. But if the contract breached be one which the party may or may not perform at his option, the rule does not apply. Roberts v. Clark, 103 S. W. 417, L. R. A. 1915F, 1076, note, and Knickerbocker Ice Co. v. Gardiner Dairy Co., 107 Md. 556, 69 Atl. 405, 16 L. R. A. (N. S.) 746. Since the writing, termed the contract of sale, between Terry and plaintiff Richardson, provides that the check for $200 deposited with the writing was "placed as a forfeit on the land deal," Terry had the ab-

solute right to arbitrarily refuse to carry out the sale, and in that event suffer the loss of the $200, and he did so by selling to the other appellees. It follows that appellant has no cause of action against either party for damages for the alleged tort, nor for specific performance of the contract in whole or in part; and that it is alleged that the $200 was deposited as earnest or escrow money and not as liquidated damages or forfeit could not avail appellant in the face of the clear and unequivocal terms of the writing itself, for parol evidence would not be admissible to vary its terms.

Affirmed.