## KENNEMER et al. v. BILLINGTON et al.

### No. 10674.

Circuit Court of Appeals, Fifth Circuit.

March 28, 1944.

Rehearing Denied May 2, 1944.

Robert N. Grisham, of Eastland, Tex., Israel Smith, of Tyler, Tex., and James S. Grisham and Howard Dailey, both of Dallas, Tex., for appellants.

Thos. B. Ramey, of Tyler, Tex., for appellees.

Before HUTCHESON, HOLMES, and LEE, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit, in one count in trespass to try title and in the other to remove the cloud of a mineral deed [1] purportedly executed by plaintiff and his deceased wife, Lottie Kennemer, had for its purpose the establishment of title in plaintiff and his children free and clear of the mineral deed. The claim was that the deed was void because (1) when signed by plaintiff and his wife it contained neither description of the land nor names of grantors and grantees, and (2) the subject matter of the deed was an interest in the homestead of plaintiff and his wife, and neither plaintiff nor his wife appeared before a notary to acknowledge the deed. The defendants denied that when executed the conveyance was without names of grantors and grantee, and without description of the property, and they also flatly denied that the instrument, which purported to have been privily acknowledged, had not in fact been acknowledged as the certificate declared. It was further pleaded that both Kennemer and wife had repeatedly recognized the validity of the deed here brought in question, and that by instrument duly acknowledged had expressly ratified it. Finally it was pleaded that Lottie Kennemer having died and the homestead character of the land having ceased, the deed became fully operative.

Tried to the court without a jury, there was testimony of Kennemer, the grantor, and of Davis, the grantee, that the Kennemers had not appeared before the notary public to acknowledge, and had not acknowledged, the instrument, but that Davis, after the execution of the deed, had presented it to the notary and secured his certificate of acknowledgment. There was testimony, too, of Davis and one Craddock that the instrument when executed by the grantors had contained neither the name of the grantee nor a description of the property, nor had it been acknowledged by them, but that it had been executed in blank and the name of the grantee, the description of the property, and the certificate of acknowledgment had been added later after the grantors had gone. In addition to the fact that the notary was dead and that his certificate flatly stated that the grantors had appeared before him and acknowledged the instrument as required by law, there was other impeaching evidence consisting of contradictory

[1] This deed, dated Oct. 28, 1929, executed by C. B. Kennemer and wife, Lottie Kennemer, sold to C. D. Davis, one-half interest in and to all the oil, gas and other minerals in and under and that may be produced from six tracts of land described in the deed, aggregating 240 acres and excepting 30 acres theretofore conveyed.

statements made by Davis and Kennemer, and recognition by the Kennemers orally and in the amending instrument of the validity and binding effect of the original deed. There was, too, the long lapse of time without making any complaint, and the changes of circumstances, including finding oil on the property and the death of Mrs. Kennemer. Upon a consideration of the evidence as a whole, the district judge found, as a matter of fact: that the deed was complete when executed; and that the grantors had appeared before the notary and acknowledged it as the notary's certificate stated they had. So finding, he concluded, as a matter of law, that the deed was validly executed and not subject to impeachment. He further concluded that if the deed was in any respect defective when executed, it had been fully ratified and made valid by an instrument [2] of date July 14, 1942, duly and privily acknowledged by Kennemer and wife, wherein they expressly reaffirmed the mineral deed in question here.

Appellants are here insisting that a deed to a homestead, containing no description is void.[3] They invoke, too, the well-established rule in Texas that a deed to a homestead is invalid unless executed and privily acknowledged by the wife, and that whether a certificate of a notary public, reciting the appearance of grantors before him and their acknowledgment, has been overthrown is a matter to be determined, like other facts, upon a preponderance of the evidence.[4] Recognizing that, under this rule, findings of fact that an instrument was duly executed and duly acknowledged make heavily against them, appellants are here attacking them as without support in the evidence or at least, as under Rule 52(a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, clearly erroneous. As to the conclusion that the appellants had ratified the deed by the correction instrument, appellants insist that the original deed was void, and, therefore, it could not be ratified.

Appellees, on their part, citing Stout v. Oliveira, Tex.Civ.App., 153 S.W.2d 590; Tex.Jur., Vol. 1, Sec. 184, p. 584; American Jur. Vol. 1, Sec. 140, p. 374, to the effect that a certificate of acknowledgment is prima facie evidence of the facts therein recited, and is conclusive unless impeached in a manner recognized by law, urge upon us that the findings are well supported by the credible evidence, that indeed no other findings would be. On the issue of the ratifying effect of a written instrument which recites the existence and validity of a prior instrument, claimed as here to have been void, they cite Grissom v. Anderson, 125 Tex. 26, 79 S.W.2d 619; Humble Oil v. Clark, 126 Tex. 262, 87 S.W.2d 471, and Turner v. Hunt, 131 Tex. 492, 116 S.W. 688, 117 A.L.R. 1066; to which may be added Meeks v. Taylor, 5 Cir., 138 F.2d 458. Finally citing Grissom v. Anderson, supra; Hill v. McIntyre Drilling Co., Tex.Civ.App., 59 S.W.2d 193; Pitts v. Kennedy, Tex.Civ.App., 177 S.W. 1016; and Ley v. Hahn, 36 Tex.Civ.App. 208, 81 S.W. 354, they insist that the deed having always been valid as to Kennemer, though inoperative during the existence of Mrs. Kennemer's homestead use of the property, if in fact she did not acknowledge the deed, that use having ceased with her death, the mineral deed became valid, operative and enforcible.

We agree with appellees that the clear and positive findings of the District Judge that the deed was properly completed before execution and that it was properly and privily acknowledged may not be set aside by us as erroneous. The facts and circumstances in support of the validity of the deed and the completeness and legality of its execution, if they do not completely overweigh those in support of its invalidity, certainly fully support the finding of the district judge that they do, and the judgment must be affirmed on these

---

[2] This instrument, among other things, recited, "said deed is amended as to said description, but in all other respects remains and is in full force and effect," and further, "The intention of the parties hereto is to reform said original mineral deed in so far as necessary to make its terms and provisions incorporate and apply to all the lands heretofore described, but otherwise to remain in full force and effect, and this instrument is executed for that purpose and the description herein shall be considered with said mineral deed as if included in said mineral deed."

[3] Farmers Royalty Holding Co. v. Jeffus, Tex.Civ.App., 94 S.W.2d 255.

[4] Robertson v. Vernon, Tex.Com.App., 12 S.W.2d 991; Keller v. Downey, Tex. Civ.App., 161 S.W.2d 803; Texas Osage Co-op. Royalty Pool v. Kemper, Tex. Civ.App., 170 S.W.2d 849; Spoor v. Gulf Bitulithic Co., Tex.Civ.App., 172 S.W.2d 377.

findings. We agree with them too that if there were defects in the original execution of the deed, their invalidating effects were completely removed by the instrument executed in 1942, by Mr. and Mrs. Kennemer, in which that deed is referred to as valid, and, as amended as to description, is in all respects confirmed. And finally, we agree with them that if it be conceded that the deed was neither properly acknowledged nor effectively ratified by Mrs. Kennemer and, therefore, was not valid as to her, it was valid as to Kennemer, and, though inoperative during her lifetime, since the community was the owner at the time of the conveyance of more than sufficient interest to satisfy it, the deed became operative at her death to the extent of the one-half interest it purported to convey. The judgment was right. It is affirmed.