DE WEST et al. v. BARTHELOW.

(Court of Civil Appeals of Texas. March 29, 1911.)

1. ACKNOWLEDGMENT (§ 25*)—MODE OF TAKING—MARRIED WOMEN.

The statute regulating the acknowledgment by married women of deeds is mandatory, and neither the homestead right of a wife nor her separate property may be conveyed except in the manner prescribed.

[Ed. Note.—For other cases, see Acknowledgment, Cent. Dig. §§ 133–148; Dec. Dig. § 25.*]

2. ACKNOWLEDGMENT (§ 25*)—MODE OF TAKING—MARRIED WOMEN.

Where a wife's acknowledgment of a deed of the homestead was not taken privily and apart from her husband, and the grantee was present and cognizant of the fact, the deed was void as against the wife.

[Ed. Note.—For other cases, see Acknowledgment, Cent. Dig. §§ 133–148; Dec. Dig. § 25.*]

3. APPEAL AND ERROR (§ 1175*)—DISPOSITION OF CASE ON APPEAL.

Where a case was fully developed on the facts at the trial, the court on appeal from an erroneous judgment will render the proper judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4588–4596; Dec. Dig. § 1175.*]

Appeal from District Court, Webb County; J. F. Mullally, Judge.

Action by Mrs. A. T. De West and husband against A. J. Barthelow. From a judgment for defendant, plaintiffs appeal. Reversed and rendered.

John L. Dannelley, for appellants. A. Winslow and John A. Valls, for appellee.

JAMES, C. J. This is an action brought by Mrs. West and her husband against A. J. Barthelow in trespass to try title to lot No. 3 in block 251 in Laredo, and for the cancellation of a deed of said property from appellants to appellee dated July 20, 1909. The verdict was for the defendant.

The amended petition alleged that the property was homestead; that the officer taking her acknowledgment explained to her that the instrument was a conveyance of her home, whereupon she told him that she was not selling her home; that her husband, who was present, assured her that it was all right, and she, thinking that the instrument which she had signed was only a mortgage or lien for securing her husband's debt, made no further remonstrances; that the recitals of the acknowledgment, "and having been examined by me privily and apart from her husband," and that plaintiff "acknowledged such instrument to be her act and deed and declared that she had willingly signed the same for the purposes and consideration therein mentioned, and that she did not wish to retract it," were false; that her husband remained in the room while her acknowledgment was taken, and, when she was told by the officer that she was selling to Barthelow her homestead, she told him that she was not selling her home, whereupon she was assured by her husband that everything was all right; that the recital in the deed "for and in consideration of the sum of $1,500.00 to us in hand paid, the receipt of which is hereby acknowledged," was false; that plaintiff received nothing in consideration for the deed and the same was wholly without consideration; that Barthelow was cognizant of the fact that plaintiff's acknowledgment was not taken privily and apart from her husband, and also knew that she did not sign said instrument for the purpose of selling and deeding said premises to him; and that she was induced by fraudulent representations to sign the deed.

There was a special demurrer to the amended petition addressed to the charge of fraud on the wife, in that it did not specifically allege what act or thing defendant did, or caused to be done, that was a fraud on her rights; but the record does not disclose any order acting on this exception. However, the court expressly eliminated from the consideration of the jury any question of mortgage, and submitted the case solely upon the question whether or not Mrs. De West acknowledged the instrument before the officer, or that she did not acknowledge the same before him "privily and apart from her husband to be her act and deed and declare that she had willingly signed the same for the purposes and considerations therein expressed, and that she did not wish to retract it," and that Barthelow knew that she had not so acknowledged it.

The charge eliminating said issue is not assigned as error, nor is there any assignment complaining of the charge. So we must take the contention to be that, under the charge, the testimony, or the great preponderance thereof, required a verdict for the plaintiff. To this question we address ourselves.

The testimony was substantially the following: It was undisputed that the lot was homestead, and that the property was in

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

value much less than the sum claimed by Barthelow to be due him by De West; that De West consented to convey appellee the property upon the claim; that Mrs. De West was sent for and came to Barthelow's house, where she found De West and Barthelow; that in a short time Mr. Molina, a deputy district clerk, came. When Mrs. De West arrived at the house, she says her husband told her that Barthelow claimed he owed him some money, and that he wanted her to sign an instrument to secure Barthelow against loss; but she did not know that Barthelow heard this. She testified further: That Barthelow, Molina, and herself went into an adjoining room, where there was a table, and her husband signed the paper, and then she signed it. Mr. Molina then read the paper to her, telling her that she was selling her home to Mr. Barthelow. That she told him, "No"; that she was only giving him a mortgage. That Molina then turned to Mr. Barthelow and asked him what about that, and he replied: "I have nothing to do with it. She will have to settle that with her husband." That she then asked Mr. Barthelow how much her husband was indebted to him, and he replied: "I don't know anything about it. You will have to ask your husband." That her husband was then standing by and told her it was all right, and that they would fix it up afterwards. That she made no further protests, but left the room with her husband. That her husband never left the room after they went in until they left together.

The testimony given by Mr. De West was substantially the same as his wife's, as to what occurred in reference to the signing and acknowledgment, and in addition he denied any indebtedness to Barthelow.

Barthelow testified that Mrs. De West came in a hack to his house, and in a short time Molina came in. "We all went into an adjoining room, where they signed the deed. I heard West's wife say something about her thinking the instrument was a mortgage or security. I cannot say that I was or was not in the room when the acknowledgment was taken, as I was in the yard part of the time. West's wife asked me how much her husband owed me, and I told her that I did not want to talk to her about it. West owed me about $3,000 or $3,500, which he had stolen. West seemed very anxious for me to take the property in part settlement."

Molina testified that he was sent for to go to Barthelow's house to take an acknowledgment and found the Wests and Barthelow there. "I asked Barthelow if they were ready, and he said they were, and we all four went into the adjoining room, where there was a table. West signed first, and then Mrs. West signed. I then read the deed to Mrs. West (translating it into Spanish), and when I had finished she said she was not selling her home to Mr. Barthelow. I then turned to Barthelow and asked him

what about that, and he said: 'I know nothing about it. That is a question for her husband.' Mrs. West then asked Barthelow how much her husband owed him, and Barthelow replied: 'I have nothing to say to you. Ask your husband.' West and his wife then started to the door of the room out of which we had just come, and I heard them talking together and heard West tell her to go ahead, and they would fix it up afterwards; that it was all right. Mrs. West then came back and said she acknowledged the deed to be her act and deed, and that she did not wish to retract it, and that she had signed it for the purposes expressed. I cannot say that West was or was not in the room when the wife acknowledged the deed. He might have been there, and he might not. When Mrs. West returned and acknowledged the deed, she seemed to be excited. Mr. Barthelow was in the room all the time when the acknowledgment was being taken. I do not remember seeing West in the room when Mrs. West acknowledged the deed. I do remember he was there at the other times. West and wife went toward the door of the adjoining room, and Mrs. West came back and acknowledged the deed; but I cannot say that West was in the room or was out of the room at that time."

Randolph Roberson testified that he was a bookkeeper and clerk of the federal court at Laredo; that Barthelow asked him to check up West's accounts, which he did, and they showed that he was something like $3,000 behind; that he called West in and asked him to explain, and he was very much excited and said he was so excited he could not explain; that, while working on Barthelow's books auditing West's account, he had a conversation with Barthelow concerning the sale to him of the West property and the making of the deed, and Barthelow told him that he was present when the deed was signed and acknowledged; that he asked Barthelow if West was present when his wife signed the deed, and he said that West was and that he had some trouble in getting his wife to sign the deed; and that he then told Barthelow that he did not believe the deed was any good.

The court submitted the case upon a charge to return a verdict for plaintiffs if they found from the evidence that Mrs. De West did not acknowledge the instrument, or that she did not acknowledge the same before the officer privily and apart from her husband, to be her act and deed and declare that she had willingly signed the same for the purposes and considerations therein expressed, and that she did not wish to retract it, and that the defendant Barthelow knew that she had not acknowledged such instrument, or that she had not so acknowledged it before such officer privily and apart from her husband; otherwise to find for the defendant. The charge explained the purposes of the law in prescribing the conditions concerning

the taking of the wife's acknowledgment for her protection. The . charge submitted no other issue, and its correctness is not the subject of complaint, nor was any other issue requested to be submitted. Consequently the only question for us is: Was the verdict contrary to the testimony, and should the motion for new trial upon that ground and upon the ground that the verdict was against the great preponderance of the evidence have prevailed?

Appellants' first assignment of error reads: "The court erred in overruling plaintiffs' amended motion for a new trial and refusing to set aside the verdict of the jury because said verdict was contrary to the law and evidence, in this: That the uncontroverted evidence showed that plaintiff A. T. De West was a married woman; that the property involved was the homestead of A. T. De West; that the deed from A. T. De West and husband, R. M. West, to A. J. Barthelow, conveying the property involved, was not acknowledged by A. T. De West privily and apart from her husband as required by law; and that A. J. Barthelow was present and knew that her acknowledgment was not so taken."

The said first assignment limits itself to one question touching the acknowledgment, which is that the deed was not acknowledged by Mrs. De West privily and apart from her husband as required by law, and that Barthelow was present and knew her acknowledgment was not so taken.

The testimony shows clearly that Mr. West was present during the taking of his wife's acknowledgment and when she finally acknowledged it, and in short that the proceeding was not privily and apart from her husband. It appears with equal clearness that she learned from the notary's explanation the nature of the instrument, that it was a deed of conveyance, and learned that it was not, as she had supposed, an instrument to secure a debt, and that, after fully understanding this, she was persuaded by her husband, in a conference with him on the subject, to execute the instrument nevertheless, upon his assurance that it was all right and they would fix it up afterwards, and came back to the notary and completed her acknowledgment. The evidence shows clearly that Barthelow was also present during the notary's explanation to Mrs. West, and, we think, he does not deny that he was there when her acknowledgment was taken, but says, "I cannot say that I was or was not in the room when the acknowledgment was taken, as I was in the yard a part of the time."

It will be seen that the court did not submit any question of fraud, or influence on the part of any one, except in so far as it may have entered into the question of her signing willingly, but submitted the case solely upon the issue whether or not Mrs. West acknowledged the instrument before the officer privily and apart from her husband to be her act and deed, and declared that she had willingly signed the same for the purposes and considerations therein expressed, and that she did not wish to retract it, and that the defendant Barthelow knew that she had not so acknowledged it before such officer privily and apart from her husband.

Appellants, it seems, were satisfied to have the case go to the jury as it was submitted by the court's charge, the theory of which was that if the husband was present during the taking of his wife's examination and acknowledgment, and Barthelow knew of this, that it would vitiate her deed. The assignment of error presents this question and nothing else. This pertains merely to the officer's procedure.

The case of Hartley v. Frosh, 6 Tex. 216, 55 Am. Dec. 772, held that the certificate of . the officer is conclusive proof of the facts stated in it unless sought to be avoided for fraud. It is there stated: "To impeach the validity of the certificate, it will not be sufficient to allege that there was no privy examination; that she did not acknowledge the same to be her act and deed, etc. There must be some act alleged showing fraud, as, for instance, that there was a fraudulent combination between the notary and the persons interested. The certificate in this case is in conformity with the statute and cannot be impeached merely by saying that she was not examined apart from her husband." The statement of that case shows that there were no allegations that any of the defendants had notice of what was alleged in contradiction of the certificate.

In Wheelock v. Cavitt, 91 Tex. 679, 45 S. W. 796, 66 Am. St. Rep. 920, it was held that, where the wife had not appeared before the officer at all, the officer's certificate of an acknowledgment by her was of no effect even as to persons without notice of the fact. And in the same case the Supreme Court takes occasion to state the rule to be that when the wife appears before the officer, and the certificate shows a full compliance with the law, it is conclusive upon her in favor of an innocent vendee, who paid value without notice that the officer failed to perform the duty as required by law, and citing several cases.

[1] The statute is mandatory. The homestead right of the wife can only be divested, so long as it is not abandoned, by a conveyance made by the husband and wife in the manner prescribed by law. Wheatley v. Griffin, 60 Tex. 209. No difference is recognized between conveyances of the wife's separate property, and conveyances of the homestead, in this respect. In Cole v. Bammel, 62 Tex. 112, it is stated: "A married woman's deed, however, may have the proper certificate attached, and yet be avoided by her if the certificate does not speak the truth, or the deed or acknowledgment was obtained by fraud or force, provided the purchaser is

chargeable with notice of either of these facts, before the purchase money is paid." See, also, Davis v. Kennedy, 58 Tex. 516; Stallings v. Hullum, 79 Tex. 425, 15 S. W. 677.

It is going far enough to make an exception, on grounds of public policy, in favor of one who does not know that her acknowledgment was taken contrary to what the statute prescribes. No such consideration is justified in behalf of one who takes a deed of a married woman with knowledge that the statute has not been complied with in some essential particular.

[2] The testimony shows clearly that the wife's acknowledgment in this instance was not taken privily and apart from her husband, and that Barthelow was present and was cognizant of the fact. All the witnesses state that he, as well as the husband, was present, and he makes no denial of it that amounts to a denial.

[3] The case appears to be fully developed on the facts, and we conclude that the judgment should be reversed and here rendered for the appellant.

Reversed and rendered.