HOUSTON OIL COMPANY OF TEXAS v. WILLIAM McGREW.

No. 2410. Decided May 5, 1915.

1.—Limitation—Purchase from State.

Plaintiff claiming as a purchaser of school land from the State and defendant by limitation through possession, etc., for ten years, the date at which limitation commenced to run in the latter's favor was determined by the time when the former acquired his right to the land. (P. 223.)

2.—Same—School Land—Application—Payment and Award.

One who had purchased in 1895 the timber on a section of State school land applied, in 1899, to purchase the fee under the Act of 1895 as amended by the

Act of 1897 (Rev. Stats., 1895, art. 4218q; Rev. Stats., 1911, art. 5430). Held, that his right was acquired when he had made application to purchase and deposited with the State Treasurer the value fixed on the land; limitation began to run in favor of one in adverse possession from that date, and not from the subsequent one of the award of the land to applicant by the Land Commissioner, or of the issue of patent, the Commissioner having no right to refuse the application. (Pp. 223, 224.)

### 3.—Same—Right to Award.

If applicant's right to award of school land depended on his filing affidavits that the timber which he had previously purchased had not been removed and that he was the sole person interested in the purchase, and no such affidavit was filed, then the award to him without it was unauthorized and he acquired no title. (P. 224.)

### 4.—Payment—Evidence—Treasurer's Books—Receipt.

An entry on the books of the State Treasurer showing deposit of the value fixed on school land to have been made by an applicant for its purchase on the date of his application was not contradicted by the Treasurer's subsequent issuance to him of a receipt therefor bearing a later date but not showing when the deposit was made. There was no inconsistency between the entry and the receipt, and the court could, in its charge, assume the payment to have been made, applicant's rights fixed, and limitation running against him from the date so shown by such books. (Pp. 224, 225.)

### 5.—Title by Limitation—Possession.

One claiming title to 160 acres out of a larger tract of land, by possession and improvement of less under claim for ten years was not precluded from recovery to that extent by the fact that a part of his possession and improvements extended across the boundary and onto an adjoining survey. (P. 225.)

Error to the Court of Civil Appeals, First District, in an appeal from Tyler County.

The Oil Company sued McGrew in trespass to try title. Defendant recovered a part of the land on title by limitation. The judgment being being affirmed on plaintiff's appeal, it obtained writ of error.

*H. O. Head* and *Hightower, Orgain & Butler,* for plaintiff in error (*Wear, Orgain & Butler,* in appellate court).—The Court of Civil Appeals erred in holding that limitation began to run in favor of the defendant in error at any time previous to July 18, 1899, which was the date of the award of the land by the Commissioner of the General Land Office to V. Wiess, the original purchaser from the State. Smith v. Power, 23 Texas, 29; Wood v. Welder, 42 Texas, 396; Truehart v. Babcock, 49 Texas, 258; Parker v. Brown, 80 Texas, 555, 16 S. W., 262; Collyns v. Cain, 9 Texas Civ. App., 193, 28 S. W., 545; Baldwin v. Roberts, 13 Texas Civ. App., 563, 36 S. W., 789; Fall v. Nation, 17 Texas Civ. App., 160, 43 S. W., 46; Thompson v. Dutton, 96 Texas, 205; Rev. Stats., secs. 4218j, 4218q.

From the facts of the case, as stated by the Court of Civil Appeals in its opinion, it appears that a portion of the field enclosed by defendant in error on the land in controversy herein lay across the east boundary line of that survey, and upon an adjoining survey. His residence and the improvements, except that portion of the field referred to, were

located on the land of plaintiff in error herein. Wood v. Drouthett, 44 Texas, 370; Patton v. Barton, 53 Texas, 304; Bracken v. Jones, 63 Texas, 184; Hartman v. Huntington, 11 Texas Civ. App., 130, 32 S. W., 562; McAdams v. Moody, 50 S. W., 629; Titel v. Garland, 99 Texas, 201, 87 S. W., 1152; Rice's Executors v. Goolsbee, 99 S. W., 1031; Rev. Stats., 1895, arts. 3343, 3344.

The court erred, to the prejudice of this plaintiff, in that part of its charge to jury wherein it instructed the jury as follows: "If the defendant, William McGrew, agreed to acknowledge tenancy to the Houston Oil Company of Texas, through its agent, W. O. Banks, the defendant can not recover, and if you do not believe that he, the said William McGrew, agreed to acknowledge tenancy to said Banks, you will find in favor of the defendant for 160 acres of land." Chamblee v. Tarbox, 27 Texas, 47; Hord v. G. C. & S. F., 33 Texas Civ. App., 163, 76 S. W., 227; Texas Southern Ry. v. Long, 35 Texas Civ. App., 339, 80 S. W., 114; Western Union Tel. v. Campbell, 41 Texas Civ. App., 204, 91 S. W., 312; S. A. & A. P. Ry. Co. v. Dickson, 42 Texas Civ. App., 163, 93 S. W., 481; El Paso, etc., Ry. Co. v. McComas, 36 Texas Civ. App., 170, 81 S. W., 760; G. H. & S. A. v. Smith, 24 Texas Civ. App., 127, 57 S. W., 999; Clausen v. Jones, 18 Texas Civ. App., 376, 45 S. W., 183; Cheatham v. Riddle, 12 Texas, 112; Coats v. Elliott, 23 Texas, 613; Pridgen v. Walker, 40 Texas, 136; Mercantile & Banking Co. v. Landa, 40 S. W., 406; I. & G. N. v. Jones, 55 Texas, 772; McCracken v. Lantry-Sharpe C. Co., 101 S. W., 520; El Paso Foundry, etc., Co. v. DeGuerreque, 101 S. W., 814; Sonnenthiel v. Brewing Co., 172 U. S., 401; Kirby Lumber Co. v. Stewart, 141 S. W., 295; Stegal v. McKellar, 20 Texas, 268; Bailey v. Mills, 27 Texas, 438; Hudson v. Morris, 55 Texas, 607; Railway v. Greenlee, 62 Texas, 349; Emerson v. Mills, 83 Texas, 388, 18 S. W., 805.

*Joe W. Thomas,* for defendant in error.—When the State parted with title by patent, it related back to the inception of title, which commenced with the application to purchase and the title established at that time was sufficient to sever the land from the mass of the public domain, so that limitation would operate against it. Thompson v. Dutton, 69 S. W., 642; Dutton v. Thompson, 85 Texas, 117, 19 S. W., 1027; Patterson v. Rector, 127 S. W., 561; Parker v. Brown, 80 Texas, 557, 16 S. W., 262; Lawless v. Wright, 39 Texas Civ. App., 26, 86 S. W., 1039.

It is not necessary under a claim of title by the statute of ten years limitation that the 160 acres sued for be surveyed and designated by marked lines and boundaries, but actual possession of part and adverse claim to the whole for ten years meets the requirement of said statute, and it is for the court to determine the specific 160 acres, which it may do by appointing commissioners to designate and set apart the same. Rev. Stats. of Texas, arts. 3343, 3347, 3348, 3349 and 3350; Bering v. Ashley, 30 S. W., 838; Parker v. Wm. Cameron & Co., 39 Texas Civ.

App., 30, 86 S. W., 648; Williams v. T. & N. O. Ry. Co., 114 S. W., 888; Word v. Douthett, 44 Texas, 369-371; Louisiana & Tex. Lbr. Co. v. Stewart, 130 S. W., 203; Louisiana & Tex. Lbr. Co. v. Kennedy, 126 S. W., 1113.

MR. JUSTICE PHILLIPS delivered the opinion of the court.

This was a suit in trespass to try title by the Houston Oil Company of Texas to recover of McGrew a 640-acre section of land in Tyler County.  The defense was a limitation title to 160 acres under the statute, based upon improvements and ten years occupancy of a part of the section and an adverse claim to the whole of it.  McGrew prevailed under this plea on the trial, and the land was partitioned under the judgment, 160 acres, including his improvements, being set aside to him, and the remainder of the section being allotted to the Oil Company.

The land was originally school land belonging to the State, classified as "Timber Land."  The Oil Company claimed under a purchase from the State by V. Wiess, who, in 1895, under the Act of 1895, purchased the timber on the section, and thereafter, on June 28, 1899, under the Act of 1895, as amended in 1897 (art. 4218q, Rev. Stats., 1895, and, as re-enacted with modifications and additions, now art. 5430, Rev. Stats., 1911) made the Commissioner of the Land Office due application to purchase the land itself at the valuation fixed by the statute, of $2.00 per acre, cash.  The account of the State Treasurer showed that Wiess, on the same date of his application to purchase the land, June 28, 1899, deposited with the Treasurer the full amount of the purchase money. The latter issued his receipt to Wiess under date of July 13, 1899, and it was filed in the Land Office the following day.  The award was made by the Commissioner on July 18, 1899, and the patent was issued on August 15, 1899.

The evidence was undisputed that at the time of the trial McGrew had been living upon the section for about twenty-one years, with improvements upon it consisting of his dwelling house and out-buildings, and an enclosed farm of about twenty-five acres, cultivating, using and enjoying the premises; and there was evidence of his adverse claim throughout that period to the entire section.

The question in the case is with respect to the date when limitation began to run in McGrew's favor, which is determined by the time when it may be said that Wiess acquired his right to the land.  The suit having been filed on July 13, 1909, the trial court instructed the jury that in determining the question of limitation they would reckon the time of McGrew's occupancy from June 28, 1899, which, as has been stated, was the date upon which Wiess made his application to purchase the section and, according to the Treasurer's account, paid the purchase money to the State,—more than ten years before the institution of the suit.  The Oil Company insisted in the Court of Civil Appeals, and maintains here, that it should have been computed from the date of the award of the

land by the Commissioner, which was less than ten years before the suit was filed.

Art. 4218q, Rev. Stats., 1895, under which the timber was purchased by Wiess, after declaring that a purchaser of the timber on the timbered school lands of the State should have five years from the date of his purchase within which to remove the timber, concluded with this proviso:

"Provided that the purchaser or his vendees of any such timber shall have the right to purchase the land upon which such timber so purchased is situated at two dollars per acre, cash, at any time before the expiration of five years from date of purchase of timber under the provisions of this chapter."

The effect of this statute was plainly to confer upon Wiess a contractual right, as the purchaser of the timber upon the section, to purchase the section itself at the price of $2.00 per acre, cash, at any time within five years from the date of his purchase of the timber. Jumbo Cattle Co. v. Bacon, 79 Texas, 5, 14 S. W., 840; Hooks v. Kirby, 124 S. W., 156; Wing v. Dunn, 127 S. W., 1101 (writs of error refused in both cases). With this true, it follows that when, within the five year period, he made due application to purchase the section and paid the purchase money to the State, he became invested with a right to the land, without any award by the Commissioner, since the latter, under the statute, had no authority to refuse to make the award. Jumbo Cattle Co. v. Bacon; Burnett v. Winburn, 25 S. W., 969; Watts v. Wheeler, 10 Texas Civ. App., 117, 30 S. W., 297.

If the award was required, and it was also necessary that Wiess make affidavit that the timber had not been removed, and of his sole interest in the purchase, as is contended by the Oil Company in its argument, the filing of such affidavits was clearly a prerequisite to a valid award. On this theory there was no valid award of the land to Wiess and the Oil Company had no title upon which to maintain the suit, for the first affidavit was not filed until after the award was made, and the other does not appear to have been filed at all.

It was undisputed that Wiess made his application to purchase the section on June 28, 1899; and we agree with the Court of Civil Appeals that the evidence conclusively established that as the date of his payment of the purchase money to the State. The only evidence touching the date of payment was the entry upon the State Treasurer's account, showing the payment was made to the Treasurer by Wiess on June 28, 1899,—the same day on which he made his application to purchase, and a receipt for the money issued by the Treasurer, dated July 13, 1899. The receipt in nowise purported that the payment was made on the date of its issue. It did not profess to evidence any date as the date of the payment. It merely acknowledged the receipt of the money. It was therefore not inconsistent with the positive evidence of the payment on June 28, 1899, afforded by the Treasurer's account. It is altogether improbable that the Treasurer would have charged himself with the payment on his books before the date it was actually made; whereas

the issuance of a receipt for the money on a later date was perfectly consistent with the previous payment. The receipt, in other words, in no sense contradicted the entry as proof that the payment was actually made on June 28, 1899. We hardly see how ordinary minds could differ upon the question, and therefore conclude that it was not improper for the court to assume, as was the effect of the charge, that the payment was made on that date.

The date of the payment becomes, in fact, an immaterial question under the actual proposition advanced by the Oil Company in the Court of Civil Appeals and in this court, for its contention entirely repudiates it as a determining factor in the issue of limitation. Its position throughout the case has been that the date of the Commissioner's award alone fixed the time when limitation began to run in McGrew's favor. That was the single proposition submitted in the Court of Civil Appeals under its assignments of error challenging the charge that the jury should compute the period of McGrew's occupancy from June 28, 1899, and is likewise the sole ground of error assigned in this court with respect to the instruction.

The fact that a part of McGrew's cultivated field lay across one of the boundary lines of the section did not, in our opinion, defeat his right to assert a limitation title to 160 acres of the section under the statute. His residence and improvements were entirely upon the section, and, under the finding of the jury, supported as it was by sufficient evidence, his adverse occupancy of a part of the section and his adverse claim to the whole of it for the full period of ten years before the institution of the suit, must be treated as established. In the state of the record this was a sufficient basis to support the judgment in his favor. It is not disclosed how much of his field lay without the section. As remarked by Judge Reese in his opinion, it may have been a portion so small as to be negligible. Under such condition of the proof this question can not be regarded as a material one.

McGrew was entitled to recover upon his plea of limitation, according to the undisputed evidence, unless, under the issue tendered by the Oil Company, the adverse character of his occupancy was broken by an acknowledgment of tenancy to it.. The province of the jury was therefore not invaded by the charge of the court to that effect.

The judgments of the District Court and the Court of Civil Appeals are affirmed.

                                                     *Affirmed.*

MR. JUSTICE HAWKINS dissenting.