McENTIRE et ux. v. THOMASON.
(No. 8953.)

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 1, 1919. Rehearing Denied March 8, 1919.)

1. LIMITATION OF ACTIONS ⬤⟲100(10)—FRAUD —DISCOVERY.

Suit to cancel oil lease on the ground of fraud was barred by limitations, where the false representations and the fraudulent acts relied upon were well known to plaintiffs, or could have been ascertained by the exercise of the slightest diligence more than two years before the action was commenced.

2. MINES AND MINERALS ⬤⟲58—OIL LEASE— MUTUALITY.

Oil lease, giving lessee right to at any time surrender lease and be relieved from obligations thereunder remaining unfulfilled at such time, where lessors in consideration of lease received a large amount of stock of company to which lease was assigned, was not void for want of mutuality.

3. MINES AND MINERALS ⬤⟲58—OIL LEASE— FRAUD—EVIDENCE.

In action to cancel oil lease executed by husband and wife, on the ground that wife was induced to sign and acknowledge deed by assurances that lessee merely wanted her signature and acknowledgment in order to assist him in obtaining leases on other lands, *held* that evidence tended to support allegation.

4. MINES AND MINERALS ⬤⟲56—OIL LEASE— "INTEREST IN LAND."

An oil lease is a conveyance of an interest in land.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interest.]

---

⬤⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. DEEDS ⟜56(2)—INTENTION—DELIVERY.**

In order to render a deed of conveyance of land effective, it must be delivered into the control of the grantee with the intent of the grantor that it shall become operative as a conveyance.

**6. HOMESTEAD ⟜117 — VALIDITY OF OIL LEASE — HOMESTEAD RIGHTS — SIGNATURE AND ACKNOWLEDGMENT OF WIFE.**

Where oil lease executed by husband and wife, covering their homestead, was signed and acknowledged by the wife merely for the purpose of enabling lessee to secure other leases, and without intent on her part to convey her rights in the homestead, and lessee had notice thereof, the lease was inoperative as a conveyance of an interest in the homestead, in view of Rev. St. arts. 1115, 6802, and 6805.

**7. QUIETING TITLE ⟜7(2)—CLOUD ON TITLE —OIL LEASE.**

A recorded oil lease is a cloud on the title of the land covered thereby.

Appeal from District Court, Stephens County; Joe Burkett, Judge.

Suit by S. J. McEntire and wife against G. J. Thomason. Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

W. C. Veale, of Breckenridge, and Theodore Mack, of Ft. Worth, for appellants.

G. J. Thomason, pro se.

CONNER, C. J. On May 15, 1917, S. J. McEntire and wife instituted this suit against G. J. Thomason to cancel an oil lease and remove cloud of title upon their homestead, described in the petition. The case seems to have been tried and disposed of in the trial court upon issues of fraud presented in plaintiffs' petition as a ground for cancellation and the defense thereto of the statute of limitation.

The lease bears date of August 18, 1909. The plaintiffs alleged that its execution had been procured by means of the fraudulent representations set up in the petition, but after the introduction of the testimony the court concluded that the undisputed evidence showed that the frauds alleged were known to the plaintiffs more than two years prior to the institution of the suit, and that therefore the cause of action was barred by the two-year statute of limitation pleaded by the defense, and accordingly peremptorily instructed the jury to return a verdict for the defendant. The plaintiffs have appealed from the judgment against them which followed the peremptory instruction.

[1, 2] A careful consideration of the evidence, which it will serve no useful purpose to set out, leads us to the conclusion that the court correctly held that the false representations and fraudulent acts, relied upon and set forth in plaintiffs' petition were well known to the plaintiffs, or could have been ascertained by the exercise of the slightest diligence more than two years prior to the institution of the suit, and that, therefore, in so far as the plaintiffs' suit was based upon fraud and fraudulent representations, the action was barred by the two-year statute of limitation. Bass v. James, 83 Tex. 110, 18 S. W. 336; Coleman v. Ebeling, 138 S. W. 199. To this view, however, appellants answer that the lease contract was unilateral and void, and that therefore no limitation applied, but we have been unable to concur in such construction of the lease. The provision of the lease contract relied upon as showing its want of mutuality reads as follows:

"It is further agreed that second parties (G. J. Thomason, lessee) and heirs assigns may at any time hereafter surrender up this grant and be relieved from any part of the contract heretofore entered into that may at that time remain unfulfilled, then and thereafter this grant shall be null and void and no longer binding on either party."

The lease contract, in effect, provided as a part of the consideration therefor for the delivery to the lessors, S. J. McEntire and wife, of 1,600 shares of capital stock of the Diamond Coal, Oil & Gas Company, to which the lease in question was to be transferred, and the evidence was without dispute that appellee delivered the number of shares of stock mentioned, and that the same were received by appellants. While it is alleged that this stock was of no value, we are not satisfied with the sufficiency of the proof to establish that fact. It certainly appears that appellants received the stock and did not in their pleadings proffer its surrender or return. Under such circumstances we are not prepared to hold the contract in question void for want of mutuality. See 9 Cyc. p. 334; Pierce Fordyce Oil Association v. Woodrum, 188 S. W. 245; Knott v. Thomas, 180 S. W. 1114; Texas Seed & Floral Co. v. Chicago Set & Seed Co., 187 S. W. 747.

[3] There is a phase of the case, however, that seems not to have been emphasized below or here which we think requires a reversal of the judgment. In addition to plaintiffs' allegations of fraudulent representations and of fraudulent acts made the basis of their prayer for a cancellation of the lease, it was alleged, in substance, in a separate count of the petition, that at the time of the execution of the lease Mrs. McEntire was unwilling to sign or acknowledge it, and only did so after having been assured by the defendant Thomason "that he only desired to have the paper signed and acknowledged by Mrs. McEntire in order to assist him in obtaining leases on other lands." Wherefore it was charged that the instrument was never delivered as a contract bind-

ing upon the plaintiffs. We think the evidence tended to support the issue thus presented. Mrs. McEntire and one or more members of the family so testified in effect, and the officer who took the acknowledgment testified, among other things, as follows:

"I took the acknowledgment of Mr. McEntire and his wife some time in August, 1909, when they executed a lease contract, and I remember the circumstance. Mr. Thomason met me there at Crystal Falls and asked me to come and go with him to take that acknowledgment. Mrs. McEntire was not willing to sign the acknowledgment. I reported that fact to the defendant, Mr. Thomason. Mr. Thomason told her that it was just to enable them * * * that he wanted that lease as it would enable them to get other leases around in the neighborhood, and it would not be binding upon them, and he stated that if they became dissatisfied he would get her a release."

It is undisputed that the lease in controversy covered the homestead of appellants which had been continuously occupied before and after the execution of the lease. It further appears that the lease had been duly recorded on the deed records of Stephens county, and which, therefore, constitutes a cloud upon the title of plaintiffs' homestead.

[4, 5] It seems to be no longer an open question with us that a lease of the character of the one under consideration is a conveyance of an interest in lands. See Texas Co. v. Daugherty, 107 Tex. 226, 176 S. W. 717, L. R. A. 1917F, 989; Pierce Fordyce Oil Association v. Woodrum, 188 S. W. 245. And it is statutory that the homestead of the family cannot be conveyed by the owner, if a married man, without the consent of the wife, such consent to be evidenced by her separate acknowledgment, taken in the manner pointed out in Revised Statutes, arts. 6802, 6805, which specifically require that she willingly sign the instrument for the purposes and consideration expressed therein, etc. See article 1115, Revised Statutes; De West v. Barthelow, 136 S. W. 86; Durham v. Luce, 140 S. W. 850; Bethel v. Booth, 115 Ky. 145, 72 S. W. 803; Tiemann v. Cobb, 35 Tex. Civ. App. 289, 80 S. W. 250; Norton v. Davis, 83 Tex. 32, 18 S. W. 430. And it was expressly decided in the case of Southern Oil Co. v. Colquitt (writ of error refused) 28 Tex. Civ. App. 292, 69 S. W. 169, that a husband alone could not give a lease authorizing the lessee to bore for and extract oil and gas from the homestead and erect machinery and lay pipes thereon, etc. It is also a familiar rule, well established by the decisions, that in order to render a deed of conveyance of land effective it must be delivered into the control of the grantee with the intent of the grantor that it shall become operative as a conveyance. See cases cited in 6

Cyc. Digest of Texas Reports, p. 200, col. 2.

[6, 7] We need not stop to discuss the circumstances under which a married woman would not be heard to question the sufficiency and legal effect of an acknowledgment made by her in due form, when such acknowledgment is spread upon the records and the land or title purporting to be conveyed has been purchased by another without notice of the feme covert's want of consent, for in the case before us the controversy is between the original parties. There has been no intervening rights of an innocent third party. On the contrary, the lease or conveyance in question is held by the original grantee therein, who is yet asserting rights thereunder. If, therefore, the lease in question was signed and acknowledged by Mrs. McEntire for the mere purpose of enabling Thomason, the grantee, to secure other leases, and without intent on her part to thereby convey any rights in her homestead, and Thomason had notice of such fact, then the lease was wholly inoperative as a conveyance of any interest in appellants' homestead, and its record upon the deed records constitutes a cloud upon their title thereto. And it is conceded, as indeed it must be, that in so far as the action may be construed as one to remove the cloud from the title, there is no law of limitation having application that will bar appellants' rights.

We accordingly conclude that the court erred in giving the peremptory instruction, and thus excluding the issue made by the pleadings and evidence last discussed.

The judgment is reversed, and the cause remanded.