**CRABB et ux. v. BELL et al. (No. 1087.)**

(Court of Civil Appeals of Texas. El Paso. March 25, 1920. Rehearing Denied April 22, 1920.)

**1. Specific performance ⬤⇒35—Executory contract to convey homestead not enforceable against wife.**

An executory contract to convey the homestead cannot be specifically enforced against the wife.

**2. Mines and minerals ⬤⇒55(4)—Grant of oil, etc., is a conveyance of "interest in land."**

A conveyance of an interest in the oil, gas, and minerals in and under a tract of land is a conveyance of an "interest in the land."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interest.]

**3. Mines and minerals ⬤⇒54(2)—Contract for sale of oil, etc., held executory where deed delivered in escrow.**

A written contract, whereby, in consideration of a certain sum, a husband and wife obligated themselves to execute and deliver to a purchaser a deed conveying one-half of the oil, gas, and other minerals in and under a certain tract of land, the deed to be placed in escrow in a bank until examination and approval of title and payment, is an executory

contract; no title passing to the grantee until performance of the conditions of the escrow agreement.

**4. Acknowledgment ⬤⇒56—Certificate not impeachable except where grantee has notice of defects.**

A certificate of a notary regular in form cannot be impeached in the absence of allegations connecting the grantee with notice of failure of the officer to perform his duty in taking the acknowledgment or allegations of fraud with which the grantee is connected.

**5. Acknowledgment ⬤⇒56—Where purchaser charged with notice of defects before payment of purchase money, rule against impeachment not applicable.**

The rule that a notary's certificate, regular in form, cannot be impeached except where the grantee has notice of the officer's failure to perform his duty, or for the grantee's fraud, does not apply where the purchaser is charged with notice before he pays the purchase money that the certificate does not speak the truth and that the acknowledgment of a married woman, one of the grantors, was not taken as required by law.

**6. Specific performance ⬤⇒120—Evidence that acknowledgment of wife was not properly taken held admissible.**

In action to compel specific performance of a contract to convey a half interest in oil, gas, and minerals, under a certain tract of land, where title had not passed nor had the purchase money been paid, testimony was admissible to show that the acknowledgment of vendor's wife was not properly taken.

Appeal from District Court, Eastland County; Joe Burkett, Judge.

Suit by R. R. Bell and another against W. W. Crabb and wife. Decree for plaintiffs, and defendants appeal. Reversed and remanded.

J. R. Stubblefield and R. L. Rust, both of Eastland, and G. W. Dunaway, of Ranger, for appellants.

Stuart, Bell & Moore, of Gainesville, for appellees.

HIGGINS, J. Appellees, Bell and Moore, brought this suit against appellants, Crabb and wife, to compel specific performance of a contract made by appellants to convey a one-half interest in the oil, gas, and other minerals in and under 93½ acres of land in Eastland county.

It was alleged in the petition that on July 9, 1918, defendants entered into a written contract whereby, in consideration of the sum of $10,000 to be paid by plaintiffs, said defendants obligated themselves to execute and deliver to plaintiffs a deed conveying one-half of said oil, gas, and other minerals. The land was described by metes and bounds and designated as the tract then occupied by defendants. It was further alleged that

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

on said date defendants executed a deed conveying said interest and the deed and contract was placed in bank, the deed to be held by the bank until the conditions of the contract had been performed; that the delivery of the deed to the bank was in escrow, and the deed was not to be delivered to the plaintiffs until plaintiffs had passed upon and approved the title to the land and paid the stipulated consideration of $10,000; that the defendants had refused to comply with their contract, and judgment for specific performance of the contract and delivery of the deed was sought.

Upon trial a peremptory instruction in plaintiffs' favor was given, in accordance wherewith verdict was returned and judgment rendered.

[1] Complaint is made of the court's charge, the proposition being advanced that the land in question was the homestead of defendants and specific performance of an executory contract for the conveyance of a homestead cannot be enforced against the wife. The pleadings and evidence of appellants present the homestead issue, and the question thus arises as to the right of the appellees to the relief sought if the land involved was appellants' homestead. It is no longer an open question in this state that an executory contract to convey the homestead cannot be specifically enforced against the wife. Jones v. Goff, 63 Tex. 248; Blakeley v. Kanaman, 107 Tex. 206, 175 S. W. 674; McEntire v. Thomason, 210 S. W. 563; De West v. Barthelow, 136 S. W. 86.

[2] It is also well settled that a conveyance of an interest in the oil, gas, and minerals in and under a tract of land is a conveyance of an interest in the land. McEntire v. Thomason, supra; Texas Co. v. Daugherty, 107 Tex. 226, 176 S. W. 717, L. R. A. 1917F, 989.

[3] The question now arises as to whether the transaction in question constitutes an executory contract as distinguished from an executed one. A consideration of well-settled rules of law applicable to deeds delivered in escrow leads to the conclusion that it is executory for the reason that a deed delivered in escrow has no effect as a deed and no title passes to the grantee until the condition of the escrow agreement has been performed or fulfilled. The rule is thus stated in 10 R. C. L. 627:

"Where an instrument has been delivered to a depositary as a writing or escrow of the grantor, it does not become a deed, and no legal title or estate passes, until the condition has been performed or the event has happened upon which it is to be delivered to the grantee, or until the delivery by the depositary to the grantee."

In 1 Devlin on Real Estate (3d Ed.) § 322, speaking of deeds placed in escrow, it is said:

"Until the condition has been performed and the deed delivered over the title does not pass but remains in the grantor."

To the same effect, see 3 Washburn on Real Property (6th Ed.) §§ 2179, 2180; 1 Warvelle on Vendors and Purchasers (2d Ed.) § 506; 16 Cyc. 576–588; 6 Amer. & Eng. Encyc. of Law (1st Ed.) 867.

The rule is also well settled that equity will enforce the delivery of a deed placed in escrow where the condition has been fulfilled, but this phase of the rule has no application here because the condition of payment of the purchase price had not been fulfilled prior to the repudiation by appellants of their contract of conveyance and escrow agreement. Since the delivery of the deed by the appellants to the depositary under the escrow agreement did not operate to pass title to appellees, the transaction was executory until the condition of the escrow had been performed by the payment of the purchase money, and, the same being executory, specific performance cannot be enforced against the wife. For this reason the court erred in giving the peremptory instruction, the pleading and evidence of the appellants raising an issue as to the homestead character of the land in question.

In this connection appellees invoked the rule announced in Goff v. Jones upon its second appeal reported in 70 Tex. 572, 8 S. W. 525, 8 Am. St. Rep. 619, followed in Eberling v. Deutscher Verein, 72 Tex. 339, 12 S. W. 205, and Stallings v. Hullum, 79 Tex. 421, 15 S. W. 677. These cases recognize that the husband may make a lawful contract to convey the homestead at a future time, and that, if it be abandoned and a new one acquired, he may be compelled to convey. The doctrine of these cases had no application here for the reasons: First, that plaintiffs in their pleadings show no right of recovery upon that theory; and, second, the evidence would not authorize the assumption, as a matter of law, that the 93½ acres had been abandoned as a homestead and a new one acquired.

[4, 5] Upon the trial the court excluded evidence offered by appellants to show that the wife did not acknowledge the deed in the manner and form required by law. In support of this action, appellees invoke the rule that the certificate of a notary regular in form cannot be impeached in the absence of allegations connecting the grantee with notice of the failure of the officer to perform his duty in taking the acknowledgment or allegations of fraud with which the grantee is connected. This is undoubtedly the general rule. The pleadings of the appellants allege the homestead character of the property and the failure of the officer to discharge his duty in taking the acknowledgment of Mrs. Crabb, but make no allegation that Moore and Bell were parties to the

fraud perpetrated upon the wife by the notary, or that they had notice of the failure of the officer to take the acknowledgment as required by law. The rule invoked by appellees has no application where the purchaser is charged with notice, before he pays the purchase money, that the certificate does not speak the truth and the acknowledgment of the married woman has not been taken as required by law. It protects purchasers for value without notice, but was never intended to shield those vendees who have acquired, or who seek to acquire, title with full knowledge of the fraud, or failure of the notary to perform his duty in taking the wife's acknowledgment, and who have not paid the purchase money or any part thereof. Cole v. Bammel, 62 Tex. 112; Stallings v. Hullum, 79 Tex. 421, 15 S. W. 677; Wheelock v. Cavitt, 91 Tex. 679, 45 S. W. 796, 66 Am. St. Rep. 920; De West v. Barthelow, supra; McEntire v. Thomason, supra.

[6] Here the appellees have not paid the purchase money for the mineral rights which they seek to obtain, and title has not passed to them, but, on the contrary, they seek to obtain title and pay* the purchase money with notice that the acknowledgment of the wife has not been taken as required by law. Under such circumstances, testimony was admissible to show that Mrs. Crabb's acknowledgment was not properly taken.

The assignments of error raising other questions have been considered. They are regarded as presenting no reversible error and are overruled.

Reversed and remanded.