COMMISSIONER OF INTERNAL REVENUE v. HORSESHOE LEASE SYNDICATE.

No. 9134.

Circuit Court of Appeals, Fifth Circuit.

March 26, 1940.

F. E. Youngman and Sewall Key, Sp. Assts. to the Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Claude R. Marshall, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for petitioner.

Geo. S. Atkinson, of Dallas, Tex., for respondent.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

Upon petition to review a decision of the Board of Tax Appeals, we must decide whether or not the respondent was, during the tax year 1932, an association within the meaning of Section 1111(a) (2) of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Acts, and, as such, was subject to income tax as a corporation.

■ It has been said that no inelastic rule can be advanced to settle the question, due to the variety of circumstances under which it may arise, but that the facts of each case, must control its determination. Morrissey v. Commissioner, 296 U.S. 344, 56 S.Ct. 289, 80 L.Ed. 263. The facts here are presented by stipulation, and, insofar as necessary to the decision, are as follows: In 1931, the several owners of a tract of land in Texas executed a mineral lease thereon to J. Edgar Finley, P. T. Fullwood, and the Patterson Drilling Company, a corporation, pursuant to an agreement between said parties, under the terms of which the lessees were required to organize a syndicate having 350 units of a par value of $100 each, to sell the units, and, from the proceeds, to drill an oil well on the property. The consideration to the lessors was a 1/8 royalty, a yearly rental of $1 per acre, and 35 units.

Finley, Fullwood, and the Patterson Drilling Company assumed the name Horseshoe Lease Syndicate, divided their joint interest in the lease into 350 fractional parts, and sold as many of said parts as they desired, delivering to the purchasers an assignment of one or more fractional parts in accordance with their purchase. Under the provisions of the assignment, the assignors contracted to drill a well with their equipment, and to operate, market, manage, and account for all proceeds thereof. Each purchaser executed in favor of the assignors a power of attorney, empowering them to act for and in behalf of all co-owners in all matters relating to the property of the syndicate, thereby vesting the management and control in the three attorneys in fact. No provision was made for the perpetuation of the management so created, or for the succession or substitution of attorneys in fact. The fractional parts purchased by assignment were readily transferable by re-assignment, and many such transfers were made. The well contracted to be drilled by the assignors was to be paid for by them, and any additional wells drilled were to be paid for out of the

proceeds of the wells then producing. Excepting this stipulation, there was no other limitation of liability in favor of the assignees. The net earnings of the enterprise periodically were to be computed and divided among the co-owners as their interests appeared; no surplus was to be created, and no salaries were to be paid.

Organized and operating in this manner, the first well was drilled successfully, and, sometime later, another producing well was drilled from the proceeds of the first. The net income derived therefrom was paid to the co-owners in accordance with the agreement, and was reported by them in their individual income tax returns. The syndicate filed a partnership return for the year 1932, and the commissioner claimed that a corporation return should have been filed, thereby creating the issue here.

The determination of this issue depends upon whether the syndicate, so organized and operated, resembles a corporation more nearly than it does a partnership, not being either exactly. Commissioner v. Brouillard, 10 Cir., 70 F.2d 154; Bert v. Helvering, 67 App.D.C. 340, 92 F.2d 491. This is a question of fact, and the Board of Tax Appeals, under the stipulated facts, found that, for purposes of the income tax laws, the syndicate more nearly resembled a partnership. This finding must be upheld by this court if there is substantial evidence to support it, even though conflicting inferences fairly might be drawn by reasonable men from the undisputed facts. South Chicago Coal & Dock Co. v. Bassett, 60 S.Ct. 544, 84 L.Ed. —, Feb. 26, 1940.

The sole property owned by the syndicate was a mineral lease on real estate. The holdings of the various owners were not represented by shares of stock, but by undivided fractional interests in the lease; and the title to the property was in them. The owners of the lease were therefore tenants in common of realty. McEntire v. Thomason, Tex.Civ.App., 210 S.W. 563; Crabb v. Bell, Tex.Civ.App., 220 S.W. 623. The syndicate had centralized management, but it was achieved by powers of attorney executed by each holder, not by election. No continuity of existence was contemplated or provided for, although the undivided interests were readily transferable by assignment and the death of any holder would not affect the life of the syndicate. The management was vested with power to incur obligations burdening all, and there was no limitation of personal liability. No officers or directors were elected, no meetings held, no by-laws enacted, no declaration of trust made, and the unit holders had no voice in the management of the affairs of the syndicate.

From the undisputed facts above stated, a reasonable inference of fact may fairly be drawn that respondent was not an association within the meaning of the statute. Therefore, there is substantial evidence to support the finding of the board to this effect, and its conclusion of law that respondent was not subject to income tax as a corporation was correct. Cf. Lucas, Commissioner v. Extension Oil Co., 5 Cir., 47 F.2d 65; Commissioner v. Brouillard, 10 Cir., 70 F.2d 154; Myers v. Commissioner, 7 Cir., 89 F.2d 86; Commissioner v. Gerstle, 9 Cir., 95 F.2d 587; Commissioner v. N. B. Whitcomb Coca Cola Syndicate, 5 Cir., 95 F.2d 596. See also Revenue Act of 1932, Section 1111(a) (3), 47 Stat. 289, 26 U.S.C.A. Int.Rev.Acts.

Affirmed.

HUTCHESON, Circuit Judge (concurring specially).

I agree with the result the majority opinion reaches and with most of what is said in it. I disagree with the statement in it that whether the taxpayer constituted an association is, on the evidence we have, a question of fact. It is, I think, a question of law, that is in the sense that no other conclusion could be drawn from the undisputed facts than the one the Board drew. In such a case as this, the decision of affirmance rests not on the ground that the Board might have, on the record, drawn either one of two inferences of fact, and we are bound by the inference it drew, but on the ground that no other inference than the one it drew was permissible.